PERRIE WEINER (Bar No. 134146)
perrie.weiner@dlapiper.com
EDWARD TOTINO (Bar No. 169237)
edward.totino@dlapiper.com
ANA TAGVORYAN (246536)
ana.tagvoryan@dlapiper.com
DLA PIPER LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6023
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Third-Party Defendant
STREAM INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMBIZ BATMANGHELICH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO, INC. a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  CV 09-9190 VBF (JCx)<br><br>**ANSWER OF THIRD-PARTY DEFENDANT STREAM INTERNATIONAL, INC. TO SIRIUS XM RADIO INC.'S THIRD-PARTY COMPLAINT** |
| SIRIUS XM RADIO INC., a Delaware corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>STREAM INTERNATIONAL, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Third-Party Defendants. | |

1    Third-Party Defendant Stream International, Inc. ("Stream") hereby answers

2 the Third-Party Complaint ("TPC") filed by Defendant/Third-Party Plaintiff Sirius

3 XM Radio Inc. ("Sirius") as follows:

4    1.    Stream admits that Sirius asserts in Paragraph 1 of the TPC that it is

5 bringing the TPC against Stream pursuant to Federal Rule of Civil Procedure 14(a).

6 Except as so admitted, Sirius denies the allegations contained in Paragraph 1 of the

7 TPC.

8    2.    Stream denies that Federal Rule of Civil Procedure 14 gives Sirius

9 standing to file the TPC, but admits the other allegations contained in Paragraph 2

10 of the TPC.

11    3.    Stream admits the allegations contained in Paragraph 3 of the TPC.

12    4.    Stream denies the allegations contained in Paragraph 4 of the TPC.

13                    **JURISDICTION AND VENUE**

14    5.    Stream admits the allegations contained in Paragraph 5 of the TPC.

15    6.    Stream admits the allegations contained in Paragraph 6 of the TPC.

16                        **THE PARTIES**

17    7.    Stream lacks sufficient knowledge or information to admit or deny the

18 allegations in Paragraph 7 of the TPC and, on that basis, denies the allegations.

19    8.    Stream admits that it is a Delaware corporation but denies that its

20 principal place of business is in Richardson, Texas, as alleged in Paragraph 8 of the

21 TPC.

22    9.    Stream lacks sufficient knowledge or information to admit or deny the

23 allegations in Paragraph 9 of the TPC and, on that basis, denies the allegations.

24                    **FACTUAL ALLEGATIONS**

25    10.    Stream admits that in 2005 it entered into a written Client Agreement

26 Customer Care Outsourcing (the "Agreement") with Sirius Satellite Radio, Inc. and

27 avers that the terms of the Agreement speak for themselves. Stream denies the

28 remaining allegations contained in Paragraph 10 of the TPC.

1        11.    Stream admits that the Agreement includes the following provision:

2    "8.1.1  Stream warrants that the Services will be performed in a good, diligent,

3    workmanlike and professional manner and in accordance with all generally

4    accepted industry practices and standards."   Stream denies the remaining

5    allegations contained in Paragraph 11 of the TPC.

6        12.    Stream admits that the Agreement includes the following provision:

7    "Subject to Section 8.3, STREAM shall indemnify, defend and hold harmless

8    CLIENT its officers, directors, employees, agents and representatives from and

9    against any third party liability, loss, damage, judgment, expense, cost, fee or claim

10    (including reasonable attorneys' fees and expenses of suit), arising from (i) a breach

11    of STREAM's non-disclosure obligations hereunder, or (ii) the gross negligence or

12    willful misconduct of STREAM."   Stream denies the remaining allegations

13    contained in Paragraph 12 of the TPC.

14        13.    Stream admits that in or about July 2008, Sirius Satellite Radio, Inc.

15    and Stream agreed to amend the Agreement, which had previously been amended

16    on several occasions, through a letter agreement, and agreed that the Agreement, as

17    amended, would be referred to as the Master Agreement and have an effective date

18    of September 15, 2008.  Stream denies the remaining allegations contained in

19    Paragraph 13 of the TPC.

20        14.    Stream admits that the Master Agreement includes the following

21    provision: "8.1.1  Stream warrants that (i) its Services will be performed in a good,

22    diligent, workmanlike and professional manner and in accordance with all generally

23    accepted industry practices and standards, and (ii) it will comply with all applicable

24    federal and state and local laws and regulations pertaining to telemarketing and

25    shall obtain all applicable permits and licenses in connection with its obligations

26    under this agreement."  Stream denies the remaining allegations contained in

27    Paragraph 14 of the TPC.

28

1    15.   Stream admits that the Master Agreement includes the following

2    provision:  "Subject to Section 8.3, STREAM shall indemnify, defend and hold

3    harmless CLIENT its officers, directors, employees, agents and representatives

4    from and against any third party liability, loss, damage, judgment, expense, cost,

5    fee or claim (including reasonable attorneys' fees and expenses of suit), arising

6    from (i) a breach of STREAM's non-disclosure obligations hereunder, (ii) the gross

7    negligence or willful misconduct of STREAM, and/or (iii) any material breach of

8    its representations and warranties contained herein."  Stream denies the remaining

9    allegations contained in Paragraph 15 of the TPC.

10    16.   Stream admits the allegations contained in Paragraph 16 of the TPC.

11    17.   Stream admits the allegations contained in Paragraph 17 of the TPC.

12    18.   Stream lacks sufficient knowledge or information to admit or deny the

13    allegations in Paragraph 18 of the TPC and, on that basis, denies the allegations.

14    19.   Stream denies the allegations contained in Paragraph 19 of the TPC.

15    20.   Stream admits that on December 7, 2009, Sirius notified Stream of the

16    underlying action and requested that Stream defend and indemnify Sirius.  Stream

17    denies the remaining allegations contained in Paragraph 20 of the TPC.

18    21.   Stream admits the allegations contained in Paragraph 21 of the TPC.

19    **CLAIM ONE**

20    (Contractual Indemnity)

21    22.   Stream incorporates by reference, as though fully set forth herein,

22    paragraphs 1 through 21 of this Answer.

23    23.   Stream denies the allegations of Paragraph 23 of the TPC.

24    24.   Stream admits that Sirius provided it with notice of the underlying

25    action on December 7, 2009.  Stream denies the remaining allegations contained in

26    Paragraph 24 of the TPC.

27    25.   Stream denies the allegations of Paragraph 25 of the TPC.

28    26.   Stream denies the allegations of Paragraph 26 of the TPC.

3

1    27.    Stream admits the allegations of Paragraph 27 of the TPC.

2    28.    Stream denies the allegations of Paragraph 28 of the TPC.

3                              **CLAIM TWO**

4                        (Equitable Indemnification)

5    29.    Stream incorporates by reference, as though fully set forth herein,

6    paragraphs 1 through 28 of this Answer.

7    30.    Stream denies the allegations of Paragraph 30 of the TPC.

8    31.    Stream lacks sufficient knowledge or information to admit or deny the

9    allegations in Paragraph 31 of the TPC and, on that basis, denies the allegations.

10    32.    Stream denies the allegations of Paragraph 32 of the TPC.

11    33.    Stream denies the allegations of Paragraph 33 of the TPC.

12    34.    Stream denies the allegations of Paragraph 34 of the TPC.

13    35.    Stream denies the allegations of Paragraph 35 of the TPC.

14    36.    Stream denies the allegations of Paragraph 36 of the TPC.

15                            **CLAIM THREE**

16                        (Declaratory Judgment)

17    37.    Stream incorporates by reference, as though fully set forth herein,

18    paragraphs 1 through 36 of this Answer.

19    38.    Stream admits the allegations of Paragraph 38 of the TPC.

20    39.    Stream denies the allegations of Paragraph 39 of the TPC.

21                             **CLAIM FOUR**

22                        (Specific Performance)

23    40.    Stream incorporates by reference, as though fully set forth herein,

24    paragraphs 1 through 39 of this Answer.

25    41.    Stream admits that the terms and provisions of the Agreement and

26    Master Agreement are supported by consideration.  Stream denies the remaining

27    allegations of Paragraph 41 of the TPC.

28    42.    Stream denies the allegations of Paragraph 42 of the TPC.

DLA PIPER LLP (US)
LOS ANGELES

WEST\21868392.1                                          ANSWER OF THIRD PARTY DEFENDANT

# STREAM'S AFFIRMATIVE DEFENSES

## First Affirmative Defense

### (Failure to State a Claim)

The TPC, and plaintiff's First Amended Complaint ("FAC"), fail to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Damages Caused By Sirius)

At all time relevant herein, Sirius maintained complete control over the announcements and notifications made to callers, and over whether or not telephone calls from Sirius customers would be recorded.  Therefore, any damages suffered by plaintiff or the purported class were caused by Sirius, not Stream.

## Third Affirmative Defense

### (Breach of Contract / Excuse)

In the Master Agreement, Sirius represented and warranted that "it will comply with all applicable federal and state and local laws and regulations pertaining to telemarketing."   If the allegations of the FAC are true, Sirius committed a material breach of this warranty, and this and other breaches negate or excuse any obligation that Stream may have had to indemnify Sirius.

## Fourth Affirmative Defense

### (Ambiguity)

The term "pertaining to telemarketing" in the Master Agreement is vague and ambiguous, thereby making the warranty to comply with laws pertaining to telemarketing unenforceable.

## Fifth Affirmative Defense

### (Illegality)

To the extent that Sirius seeks indemnity in the TPC for illegal or unlawful acts, or for punitive damages, such indemnity is void and prohibited by law and public policy.

5

### Sixth Affirmative Defense

(Acts of Third Parties)

Stream is informed and believes that parties other than Stream were retained by Sirius or others to provide announcements to persons who called Sirius, and any failure of such third parties to notify callers that calls may be monitored or recorded was the fault of such parties, or of Sirius, but not of Stream.

### Seventh Affirmative Defense

(Limitation of Liability)

Any liability on the part of Stream to Sirius under the indemnity provisions of the Agreement or Master Agreement is expressly limited by Section 8.3 of said agreements.

### Eighth Affirmative Defense

(Mistake of Fact)

At all times relevant herein, Stream believed that Sirius or those acting on behalf of Sirius were providing any required notification of monitoring or recording to Sirius customers. If such notification was not provided, this mistake of fact precludes any liability on the part of Stream.

### Ninth Affirmative Defense

(No Equitable Indemnity)

The existence of express indemnity provisions in the Agreement and Master Agreement precludes any obligation on the part of Stream to equitably indemnify Sirius.

### Tenth Affirmative Defense

(Adequate Remedy at Law)

Specific performance is not available to Sirius because an adequate remedy exists at law.

DLA Piper LLP (US)
Los Angeles

WEST\21868392.1                                         ANSWER OF THIRD PARTY DEFENDANT

### Eleventh Affirmative Defense

#### (Fault of Sirius)

The negligent, intentional and/or wrongful acts of Sirius caused or contributed to the damages suffered by plaintiff and the purported class, if any, and therefore Sirius is barred from obtaining indemnity from Stream under the applicable law.

### Twelfth Affirmative Defense

#### (Equitable Estoppel)

Any damages suffered by plaintiff and the purported class were caused by Sirius's failure to notify plaintiff and the purported class that telephone calls would be monitored or recorded and, therefore, Sirius is equitably estopped from seeking indemnity from Stream.

### Thirteenth Affirmative Defense

#### (Commercially Reasonable Acts)

At all relevant times, the acts or omissions of Stream were commercially reasonable and therefore Stream cannot be liable for those acts or omissions.

### Fourteenth Affirmative Defense

#### (Justification)

At all relevant times, the acts or omissions of Stream were legally justified and therefore Stream cannot be liable for those acts or omissions.

### Fifteenth Affirmative Defense

#### (Failure to Mitigate Damages)

Sirius has failed to mitigate its damages.

### Sixteenth Affirmative Defense

#### (Unclean Hands)

Any recovery by Sirius is precluded by the doctrine of unclean hands.

DLA Piper LLP (US)
Los Angeles

WEST\21868392.1                                    ANSWER OF THIRD PARTY DEFENDANT

1

## Seventeenth Affirmative Defense

(Unconscionability)

The Agreement and Master Agreement are unconscionable to the extent they require Stream to indemnify Sirius.

## Eighteenth Affirmative Defense

(Excessive Penalties)

The statutory damages sought by the plaintiff and the purported class in the FAC constitute an excessive penalty that is barred by the state and federal constitutions.

## Nineteenth Affirmative Defense

(Statute of Limitations)

The claims of the plaintiff and the purported class are barred by the applicable statutes of limitation including, without limitation, those contained in California Code of Civil Procedure §§ 338, 340, and 343, and California Business and Professions Code § 17208.

## Twentieth Affirmative Defense

(Lack of Standing)

The FAC, and all causes of action therein, are barred in whole or in part because the plaintiff and/or other putative class members lack standing to assert the claims or the injuries alleged, and/or have not lost any money or property as a result of defendant's or Stream's actions.

## Twenty-First Affirmative Defense

(No Confidential Communications or Reasonable Expectation of Privacy)

At all times relevant, the circumstances of plaintiff and the purported class's telephone calls alleged in the FAC were such that the parties may reasonably expect that the calls may be overheard or recorded and/or the parties had no reasonable expectation of privacy.

**Twenty-Second Affirmative Defense**

(Consent)

At all times relevant, plaintiff and the purported class consented to the recording of their telephone calls alleged in the FAC.

**Twenty-Third Affirmative Defense**

(Reasonableness and Good Faith)

At all times relevant, Stream acted reasonably and in good faith.

**Twenty-Fourth Affirmative Defense**

(Standard of Care)

All acts and conduct as alleged in the FAC and TPC conformed to and were pursuant to statutory, regulatory, industry, and/or common law reasonable standards of due care.

**Twenty-Fifth Affirmative Defense**

(Applicable Statute Ambiguous)

The applicable statutes, including but not limited to those referenced in the FAC and TPC, are ambiguous and unclear, and do not impart any notice on defendant, Stream or others similarly situated that their conduct would constitute violation of the statutes.

**Twenty-Sixth Affirmative Defense**

(Failure to State Facts Sufficient for Punitive Damages)

The FAC fails to state facts sufficient to support an award of punitive damages.  The alleged acts referred to in the FAC were performed, if at all, in good faith, and without malice.

**Twenty-Seventh Affirmative Defense**

(Legal Acts)

Any recording of telephone calls by Stream was done in New York or Texas, and such recording was permitted and legal under the laws of New York and Texas.

9

1

**Twenty-Eighth Affirmative Defense**

2

(Inapplicability of California Penal Code §§ 630 *et seq.*)

3

Pursuant to California Penal Code § 27, the provisions of California Penal

4

Code §§ 630, *et seq.*, are not applicable to any telephone recording by Stream as

5

such recording took place in New York and/or Texas.

6

**Twenty-Ninth Affirmative Defense**

7

(Substantial Compliance)

8

Sirius's and plaintiff's claims are barred in whole or in part because Stream

9

has substantially complied with the requirements of contract and law as they apply

10

to this action.

11

**Thirtieth Affirmative Defense**

12

(Cause in Fact)

13

Sirius's and plaintiff's claims are barred in whole or in part because no act by

14

Stream was the cause of any injury in fact, damages or loss of money or property by

15

Sirius or plaintiff.

16

**Thirty-First Affirmative Defense**

17

(Superseding Causes)

18

Sirius's and plaintiff's claims are barred in whole or in part because any and

19

all violations alleged in the FAC were the result of superseding or intervening

20

causes arising from the acts or omissions of parties that Stream neither controlled

21

nor had the legal right to control, and such alleged violations were not proximately

22

or otherwise caused by any act, omission, or other conduct of Stream.

23

**Thirty-Second Affirmative Defense**

24

(Contribution)

25

Sirius's and plaintiff's claims are barred in whole or in part because any and

26

all violations alleged in the FAC were proximately caused or contributed to by the

27

acts, omissions, conduct or products of persons or entities other than Stream.

28

10

1   **Thirty-Third Affirmative Defense**

2   (Failure to Join Necessary and/or Indispensible Parties)

3   Sirius and/or plaintiff have failed to join one or more parties that are

4   indispensible and/or necessary to the matters alleged in the FAC and TPC.

5   **Thirty-Fourth Affirmative Defense**

6   (Waiver)

7   Sirius and/or plaintiff by their actions and/or omissions have waived any

8   claims they may have against Stream.

9   **Thirty-Fifth Affirmative Defense**

10   (Preemption)

11   Plaintiff and the purported class's claims in the FAC are preempted by

12   federal or other law.

13   **Thirty-Sixth Affirmative Defense**

14   (Class Action Not Appropriate)

15   The claims alleged in the FAC cannot be brought as a class action because

16   there are not sufficiently common issues of law or fact, the class is not

17   ascertainable, the named plaintiff is not an adequate, typical, suitable, or

18   appropriate representative, and a class action is not a superior means of resolving

19   this case, and is not manageable.

20   **Thirty-Seventh Affirmative Defense**

21   (Unjust Enrichment)

22   An award to Sirius or plaintiff or the purported class would constitute unjust

23   enrichment.

24   **Thirty-Eight Affirmative Defense**

25   (Use Pursuant to Tariffs)

26   To the extent that any of the telephone calls alleged in the FAC involved any

27   instrument, equipment, facility, or service furnished or used pursuant to the tariffs

28   of a public utility, California Penal Code § 632 does not apply.

11

### Thirty-Ninth Affirmative Defense

#### (Reservation of Additional Defenses)

Sirius, plaintiff and the purported class have not set out their claims with sufficient particularity to permit Stream to raise all appropriate affirmative defenses. Stream has not knowingly or intentionally waived any applicable affirmative defenses, and Stream reserves the right to assert and to rely upon additional affirmative defenses not stated here, including such other defenses as may become available or apparent during discovery of this action, and reserves the right to amend this Answer to assert any such defenses.

### PRAYER

WHEREFORE, Stream prays for judgment as follows:

1.    That Sirius and Plaintiff take nothing by the TPC or FAC;

2.    That judgment be entered in favor of Stream and against Sirius on all claims in the TPC;

3.    That Stream be awarded the costs of suit herein incurred; and

4.    That Stream be awarded such other and further relief as the Court may deem appropriate.


Dated: January **26**, 2010                    DLA PIPER LLP (US)


By: _____
PERRIE WEINER
EDWARD TOTINO
ANA TAGVORYAN
Attorneys for Third-Party Defendant
STREAM INTERNATIONAL, INC.

DLA PIPER LLP (US)
LOS ANGELES

WEST\21868392.1                                ANSWER OF THIRD PARTY DEFENDANT