KENNETH S. GAINES, ESQ. SBN 049045
ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
**GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Telephone: (818) 703-8985
Facsimile:  (818) 703-8984

SCOTT A. MILLER, ESQ.  SBN 230322
scott.miller@smillerlawoffices.com
**LAW OFFICES OF SCOTT A. MILLER, APC**
16133 Ventura Blvd., Ste. 645
Encino, CA 91436
Telephone: (818) 788-8081
Facsimile:  (818) 788-8080

STEVEN L. MILLER, ESQ. SBN 106023
stevenlmiller@sbcglobal.net
**STEVEN L. MILLER, APLC**
16133 Ventura Blvd., Ste. 645
Encino, CA 91436
Telephone: (818) 986-8900
Facsimile:  (818) 990-7900

Attorneys for Plaintiff Kambiz Batmanghelich
And Proposed Class Counsel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KAMBIZ BATMANGHELICH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>        Plaintiffs,<br><br>    v.<br><br>SIRIUS XM RADIO, INC., a Delaware corporation, STREAM INTERNATIONAL INC., a Delaware corporation, and DOES 3 through 50, inclusive,<br><br>        Defendants. | **CASE NO.: CV 09-9190 VBF (JCx)**<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** November 29, 2010<br>**TIME:** 1:30 P.M.<br>**COURTROOM:** 9<br>**JUDGE:** Hon. Valerie Baker Fairbank |

**TO THE COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that on November 29, 2010 at 1:30 p.m., in Courtroom 9 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff Kambiz Batmanghelich will, and hereby does, move this Court for an order granting preliminary approval of a proposed class action settlement. The terms of the settlement are contained within the Settlement Agreement and Release between Plaintiff and Defendants ("Stipulation of Settlement") filed herewith. This motion is unopposed by Defendants.

This motion will be based on this Notice and accompanying Memorandum of Points and Authorities, the Declarations of Kenneth S. Gaines, Steven L. Miller, Scott A. Miller, and Daniel F. Gaines, the Stipulation of Settlement (including exhibits), all filed herewith, and on such further evidence and argument as may be presented at the hearing.

Dated: October 25, 2010                    Respectfully Submitted,

                                             GAINES & GAINES, APLC


By:    /s/                    
                  Kenneth S. Gaines, Esq.
                  Daniel F. Gaines, Esq.
                  Attorneys for Plaintiff Kambiz
                  Batmanghelich and Proposed Class
                  Counsel

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................... 2

III. SUMMARY OF SETTLEMENT TERMS ................................................ 4

    A.   The Settlement Class ...................................................................... 4

    B.   Settlement Consideration ................................................................ 5

        1.   Payment to Plaintiff and Class Members ............................. 5

        2.   Payment of Claims Administration Expenses ...................... 6

        3.   Attorneys' Fees and Costs to Class Counsel ....................... 6

        4.   Non-Monetary Settlement Terms ......................................... 6

    C.   The Release by Plaintiff and Class Members ................................. 7

IV.  PRELIMINARY SETTLEMENT APPROVAL PROCESS ......................... 7

    A.   Provisional Certification of the Settlement Class ........................... 9

    B.   Settlement Administration Timeline ............................................... 9

V.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS
    APPROPRIATE ......................................................................................... 10

    A.   The Terms of the Proposed Settlement Provide Reasonable
        Compensation for Plaintiff's and Class Members' Damages .............. 12

    B.   The Settlement is the Product of Serious, Arm's-Length, Informed
        Negotiations and There are no Indications Present to Doubt its
        Fairness ........................................................................................... 15

VI.  PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE ................. 16

    A.   FRCP 23(a) Requirements For Class Certification Are Met ............... 17

        1.   Numerosity ........................................................................ 17

        2.   Commonality ..................................................................... 17

        3.   Typicality .......................................................................... 18

        4.   Adequacy of Representation ............................................... 19

    B.   FRCP 23(b)(3) Requirements for Class Certification are Met ............ 19

        1.   Predominance ..................................................................... 20

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

# TABLE OF CONTENTS
(continued)

|  |  | 2. | Superiority ............................................................................20 |

| VII. | THE PROPOSED CLASS NOTICE IS APPROPRIATE ..............................21 |

| | A. | The Class Notice Satisfies Due Process................................21 |

| | B. | The Proposed Notice is Accurate and Informative .............................22 |

| VIII. | A FINAL APPROVAL HEARING SHOULD BE SCHEDULED ...............23 |

| IX. | THE PROPOSED AMENDMENT TO THE THIRD AMENDED COMPLAINT SHOULD BE PERMITTED....................................................24 |

| X. | CONCLUSION ............................................................................26 |

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF AUTHORITIES

## Federal Statutes

28 U.S.C. § 1441(b) ............................................................................. 2

Fed. R. Civ. P. 15 ............................................................................... 25

Fed. R. Civ. P. 23 ........................................................................... 7, 23

## California Statutes

California Civil Code section 1542 ...................................................... 7

California Penal Code, section 630 *et seq.* .................................. 2, 3, 5, 6

California Penal Code section 637.2 ........................................... 2, 3, 5, 13

## Non-California Statutes

Conn. Gen. Stat. Ann. § 52-570d(a) *et seq.* .................................. 13

Fla. Stat. Ann. § 934.03(1) *et seq.* .............................................. 13

720 ILS 5/14-2(a) *et seq.* .......................................................... 13

Md Cts. & Jud. Proc. Code Ann. § 10-402(a) *et seq.* ..................... 13

M.G.L.A. 272 § 99 *et seq.* ......................................................... 13

M.C.L.A. 750.539a *et seq.* ......................................................... 13

Nev. Rev. Stat. § 200.620 *et seq.* ............................................... 13

NH Rev. Stat. Ann. § 570-A:2 *et seq.* ........................................ 13

18 Pa. Cons. Stat. Ann. § 5703(1) *et seq.* ................................... 13

Wash. Rev. Code Ann. § 9.73.030 *et seq.* .................................. 13

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES
(continued)

## Federal Cases

*Acosta v. Trans Union LLC*,
     243 F.R.D. 377 (C.D. Cal. 2007) ...............................................10, 11

*Amchem Prods., Inc. v. Windsor*,
     521 U.S. 591 (1997) ........................................................................19

*Bateman v. American Multi-Cinema, Inc.*,
     --- F.3d ----, 2010 WL 3733555 (9th Cir. Sept. 27, 2010) ...............14

*Class Plaintiffs v. City of Seattle*,
     955 F. 2d 1268 (9th Cir. 1992)..........................................................8

*Cotton v. Hinton*,
     559 F.2d 1326 (5th Cir. 1977)..........................................................15

*Cox v. American Cast Iron Pipe*,
     784 F.2d 1546 (11th Cir. 1986).........................................................17

*Foman v. Davis*,
     371 U.S. 178 (1962) ........................................................................25

*Fuller v. Vines*,
     36 F.3d 65 (9th Cir. 1994)................................................................25

*Hanlon v. Chrysler Corp.*,
     150 F. 3d 1011 (9th Cir. 1998).................................................passim

*Gen. Tel. Co. of the SW v. Falcon*,
     12 S.Ct. 2364, 457 U.S. 147 (1982) .................................................18

*Griffin v. Carlin*,
     755 F.2d 1516 (11th Cir. 1985).........................................................18

*In re Corrugated Container Antitrust Litig.*,
     643 F.2d 195 (5th Cir. 1981)............................................................12

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES
(continued)

*In re Prudential Securities, Inc.*,
    163 F.R.D. 200 (S.D.N.Y. 1995)......................................................................11

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007)..........................................................8

*In re Traffic Exec. Ass'n*,
    627 F.2d 631 (2d Cir. 1980) ..........................................................................10

*Johnson v. Buckley*,
    356 F.3d 1067 (9th Cir. 2004).......................................................................25

*Kline v. Coldwell, Banker & Co.*,
    508 F.2d 226 (9th Cir. 1974).........................................................................15

*Legge v. Nextel Commc'ns, Inc.*,
    No. CV 02-8676, 2004 U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004)..14

*Martens v. Smith Barney*,
    181 F.R.D. 243 (S.D.N.Y. 1998)...................................................................16

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003).........................................................................16

*Najarian v. Avis Rent a Car Sys.*,
    No. CV 07-0588, 2007 U.S. Dist. LEXIS 59932 (C.D. Cal. June 13, 2007)..14

*Najarian v. Charlotte Rousse, Inc.*,
    No. CV 07-0501, 2007 U.S. Dist. LEXIS 59879 (C.D. Cal. June 12, 2007)..14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................8

*Officers for Justice v. Civ. Serv. Comm'n of San Francisco*,
    688 F.2d 615 (9th Cir. 1982).........................................................................15

*Ratner v. Chemical Bank NY Trust Co.*,
    54 F.R.D. 412 (S.D.N.Y. 1972)......................................................................15

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES
(continued)

*Schwartz v. Dallas Cowboys Football Club, Ltd.*,
    157 F. Supp. 2d 561 (E.D. Pa. 2001)...................................................................8

*Soualian v. Int'l Coffee & Tea LLC*,
    No. CV 07-0502, 2007 US. Dist. LEXIS 44208 (C.D. Cal June 11, 2007)....14

*Spikings v. Cost Plus Inc.*, No. CV 06-8125,
    2007 U.S. Dist. LEXIS 44214 (C.D. Cal. May 25, 2007)...............................14

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ....................................................................10, 11

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) ...........................................................................10

*Welmer v. Syntex*,
    117 F.R.D. 641 (N.D. Cal. 1987) .....................................................................18

*Yamamoto v. Omiya*,
    564 F.2d 1319 (9th Cir. 1977) .........................................................................11

## California Cases

*Kearney v. Solomon Smith Barney*,
    (2006) 39 Cal 4th 95......................................................................................4, 14

## Treatises

2 Alba Conte & Herbert B. Newberg,
    *Newberg on Class Actions*, § 8.21 (2d ed. 1985) ...........................................23

2 Alba Conte & Herbert B. Newberg,
    *Newberg on Class Actions*, § 8.39 (2d ed. 1985) ...........................................23

4 Alba Conte & Herbert B. Newberg,
    *Newberg on Class Actions*, § 11.22 (4th ed. 2002) ......................................8, 9

4 Alba Conte & Herbert B. Newberg,
    *Newberg on Class Actions*, § 11.25 (4th ed. 2002) .............................9, 10, 11

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES
(continued)

4 Alba Conte & Herbert B. Newberg,
 *Newberg on Class Actions*, § 11.26 (4th ed. 2002) ....................................... 9, 16

4 Alba Conte & Herbert B. Newberg,
 *Newberg on Class Actions*, § 11.41 (4th ed. 2002) ..................................... 10, 11

Manual for Complex Litigation (Third) § 30.41 (1995) .................................... 8, 9, 11

Manual for Complex Litigation (Third) § 30.211 (1995) ......................................... 23

Manual for Complex Litigation (Third) § 30.212 (1995) ......................................... 23

Manual for Complex Litigation (Fourth) § 21.62 (2004) ........................................... 8

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I.    INTRODUCTION

Plaintiff Kambiz Batmanghelich ("Plaintiff" or "Batmanghelich") on behalf of himself and others similarly situated, and Defendants Sirius XM Radio Inc. ("Sirius") and Stream International Inc. ("Stream") (Sirius and Stream are referred to collectively as "Defendants"; Plaintiff, Sirius, and Stream as the "Parties") seek preliminary approval of a proposed class action settlement.   Subject to Court approval, Plaintiff has settled his and class members' claims against Defendants for a non-reversionary payment of $9,480,000.00 (which includes all settlement payments, the costs of settlement administration, Plaintiffs' attorneys' fees and costs, and the named Plaintiff's service payment).

This proposed settlement ("Settlement")[1] resolves all of the Named Plaintiffs' and Settlement Class Members' claims against Sirius and Stream.

The proposed Settlement satisfies all of the criteria for preliminary settlement approval under Federal law, and is fair, reasonable, and adequate.   Accordingly, the Parties request that the Court:

1.  Provisionally certify the proposed Settlement Class for settlement purposes,

2.  Grant preliminary approval of the proposed Settlement;

3.  Permit the amendment of the Third Amended Complaint on file herein to conform to the scope of the Settlement;

4.  Approve the proposed notice program and the notice forms and claim forms proposed by the parties (collectively the "Settlement Documents");

5.  Confirm the appointment of Plaintiff Kambiz Batmanghelich as Class Representative;

6.  Confirm the appointment of Kenneth S. Gaines and Daniel F. Gaines of Gaines & Gaines, APLC, Scott A. Miller of Law Offices of Scott A. Miller, APC,

---

[1] The Parties' Stipulation of Settlement is attached to the Declaration of Kenneth S. Gaines, submitted herewith, as Exhibit "A."

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

and Steven L. Miller of Steven L. Miller, APLC as Settlement Class Counsel;

7. Confirm the appointment of The Garden City Group, Inc. as Settlement Administrator (with the Parties reserving the right to name a new Administrator by mutual agreement and Court approval);

8. Set deadlines for mailing Settlement Documents and for submitting a claim, opting out or objecting to the Settlement; and

9. Schedule a final approval hearing.

## II.   FACTUAL BACKGROUND

On November 10, 2009, Plaintiff filed a Class Action Complaint against Sirius and various Doe defendants in the Los Angeles Superior Court, which was removed by Sirius to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act, 28 U.S.C. § 1441(b) ("CAFA").  In his Complaint (later amended), Plaintiff alleges Sirius and the Doe defendants surreptitiously recorded telephone calls between Sirius and its customers (including Plaintiff), without customers' knowledge or consent.  The original Complaint alleged various claims stemming from these recordings, including the violation of California Penal Code, section 630 *et. seq.*, and sought statutory damages pursuant to California Penal Code section 637.2 of $5,000 per allegedly unlawful recording.  Declaration of Kenneth S. Gaines in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement ("Gaines Decl.") at ¶¶ 7-8.

Shortly after removal, Sirius filed a third party claim against Stream, a company which handled some of Sirius' call center operations.  Stream was also added as a defendant by Plaintiff.  Gaines Decl. at ¶ 9.

Stream filed a cross-claim against Sirius; Sirius and Stream have subsequently dismissed their claims against each other.  *Id*.

Plaintiff filed the Third Amended Complaint ("TAC") on April 23, 2010, asserting claims for invasion of privacy (violations of California Penal Code section

- 2 -

630 *et. seq.*) and negligence.  In the TAC, Plaintiff seeks statutory damages pursuant to Penal Code section 637.2, injunctive relief pursuant to Penal Code 637.2(b), and compensatory damages.  Gaines Decl. at ¶ 10.

Plaintiff engaged in extensive formal and informal discovery, including multiple depositions in Los Angeles and Boston, multiple sets of interrogatories, requests for admission, and numerous document production requests.  Plaintiff's counsel has reviewed thousands of documents produced in connection with the litigation, engaged in extensive research and inquiry with respect to the claims asserted in the Action, and has vigorously litigated the matter on behalf of the class, in preparation for a class certification motion and, subsequently, in connection with the settlement.  Gaines Decl. at ¶¶ 11-13.

The facts are clear.  Sirius hired Stream to handle some of its call center operations; although Defendants recorded customers' calls in many cases, they failed to notify customers that their telephone conversations were being recorded.  In fact, within days of filing suit, Defendants promptly modified their practices and began notifying all customers that their telephone calls were being recorded.  Gaines Decl. at ¶ 12.

Plaintiff steadfastly maintained the viability and likely success of his claims on a classwide basis, while Defendants proffered numerous defenses to both class certification and liability.  Following extensive discovery and assessment of the risks involved in further litigation, the Parties engaged in pre-certification settlement discussions, which included a formal mediation session on May 12, 2010 with the Honorable Dickran Tevrizian, United Stated District Judge, Retired.  The mediation session did not result in a settlement.  Gaines Decl. at ¶ 14.

Following further settlement discussions, together with the continued participation and recommendations of Judge Tevrizian, on June 14, 2010 an agreement in principle was reached regarding the framework for basic settlement terms.  The Stipulation of Settlement, entered into on October 25, 2010, embodies a

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

comprehensive resolution of all claims encompassed in Plaintiff's TAC (including the amendment sought by this motion).  Gaines Decl. at ¶ 15.

## III.    SUMMARY OF SETTLEMENT TERMS

A copy of the Settlement Agreement and Release is attached and marked Exhibit "A" to the Declaration of Kenneth S. Gaines (hereinafter "Stipulation of Settlement" or "Stip."), submitted herewith.  Its significant terms are set forth below.

### A.    The Settlement Class

The Settlement Class is defined as:

> All persons in California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Nevada, New Hampshire, Pennsylvania, Vermont, and Washington (the "Covered States") who (1) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (2) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (3) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009, to discuss music royalty fees or canceling their XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored.

Stip. at ¶ 1(f).  The Settlement Class includes residents of California in addition to 11 other states which prohibit the recording of telephone conversations without notice to, or the consent of, all parties to the conversation ("two-party consent").

The scope of the Settlement Class and release reach back to July 13, 2006, the date on which the California Supreme Court decided *Kearney v. Solomon Smith Barney* (2006) 39 Cal 4th 95 (resolving choice of law issues implicated by Cal. Penal

- 4 -

Code section 630 *et. esq.* and concluding that persons located in *any* state must comply with the California recording notice requirements when they engage in telephone conversations with California residents, and that liability for statutory damages would commence going forward).

### B.    Settlement Consideration

Stream (on its own behalf and on behalf of Sirius) will pay a total of Nine Million Four Hundred Eighty Thousand Dollars ($9,480,000.00) to fund the Common Fund, whose proceeds will compensate Settlement Class Members for their damages, pay the costs of settlement administration, pay attorneys' fees and costs to Plaintiff's Counsel, and compensate Plaintiff a service payment for the time and risk he expended in bringing this litigation.  Stip. at ¶ 1(l).

### 1.    Payment to Plaintiff and Class Members

The Settlement Amount, which is the Common Fund less all attorneys' fees and costs as ordered by the Court, and less all costs of class notice and claims administration as ordered by the Court, is approximately Seven Million Dollars ($7,000,000.00), the entirety of which must be paid out by Defendants.  Stip. at ¶ 1(u).  After subtracting the Plaintiff's service payment, the remaining portion of the Settlement Amount will be distributed to Class Members who have submitted valid and timely claims, such that Class Members who reside in California shall be paid five times the amount to be paid to all other states (recognizing the magnitude of the statutory damages as provided by Cal. Penal Code section 637.2 as opposed to the other states' remedies), up to $5,000 each for California residents and up to $1,000 each for residents of all other states.  Stip. at ¶¶ 3.3-3.5.  If less than the entire Settlement Amount is claimed, or any settlement checks remain uncashed for more than 120 days, then such funds shall be paid to a *cy pres* recipient to be proposed by Plaintiff and Class Counsel, subject to the approval of Defendants and the Court. Stip. at ¶ 11.

The Settlement provides that Plaintiff Batmanghelich may request a service payment of up to $10,000, subject to the Court's approval, which is intended to compensate him for 1) his damages recoverable as a result of the claims alleged in the TAC, and 2) the time, expense, and risk he has expended in bringing this lawsuit for the benefit of Class Members.  Stip. at ¶ 3.6.

## 2.  Payment of Claims Administration Expenses

The parties have selected The Garden City Group, Inc., an experienced and reputable settlement administrator, to administer the settlement, including the provision of notice and facilitation of the claims/opt-out process.  The cost of settlement administration is estimated to be no more than $450,000, which shall be paid from the Common Fund.  If settlement administration expenses are more or less than $450,000, the difference shall be added to (or subtracted from) the Settlement Amount, for distribution to Class Members.  Stip. at ¶ 7.

## 3.  Attorneys' Fees and Costs to Class Counsel

The Settlement provides that Plaintiff's counsel may request up to Two Million Dollars ($2,000,000) as an award of attorneys' fees, representing approximately 21% of the total settlement consideration and to be paid from the Common Fund, in consideration of the time and effort they have expended for the benefit of Plaintiff and Settlement Class Members.  Further, the Settlement provides that Plaintiff's counsel may request up to $20,000 in reimbursement of litigation costs actually and reasonably incurred during the course of this litigation.  Any portion of the attorneys' fees and costs not requested and/or not awarded shall be added to the Settlement Amount, for distribution to Class Members.  Stip. at ¶ 3.7.

## 4.  Non-Monetary Settlement Terms

Without admitting liability, Defendants have agreed to comply with the requirements of Cal. Penal Code sections 630 *et. seq.*, including providing notification to their customers when their telephone calls may be recorded.  Stip. at ¶ 4.

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

### C.   The Release by Plaintiff and Class Members

The release, to which all Class Members (except for those who submit a valid and timely request for exclusion) will be bound, is as follows:

> "Upon entry of the Judgment, Class Representative, for himself and on behalf of each member of the Class who has not submitted a valid and timely request for exclusion from the Class, and their respective heirs, assigns, successors, agents, attorneys, executors, and representatives, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, irrevocably, and forever released Sirius XM and Stream and, whether or not specifically named herein, each of their past or present directors, officers, employees, agents, insurers or reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, affiliates, related companies, affiliated companies, parents, subsidiaries, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, divisions, predecessors, successors, and assigns, from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, which were asserted in the Action or are related to the claims asserted in the Action, including, without limitation, any and all claims relating to the transactions, actions, conduct or events that are the subject of the Action, and any and all claims arising out of the institution, prosecution, assertion, settlement or resolution of the Action, and any all claims relating to the recording and/or monitoring of telephone calls."

The release includes a waiver of Cal. Civil Code section 1542 (and any related statute in the Class Members' state of residence) with respect to these released claims.  Stip. at ¶ 14.

## IV.   PRELIMINARY SETTLEMENT APPROVAL PROCESS

A class action may not be dismissed, compromised or settled without court approval.  Fed. R. Civ. P. ("FRCP") 23(e).  Judicial proceedings under the Federal Rules of Civil Procedure have led to a defined procedure and specific criteria for

- 7 -

settlement approval in class actions that are thoroughly described in the Manual for Complex Litigation (Fourth) ("*Manual* (Fourth)") § 21.62 (2004). Federal Rule of Civil Procedure 23(e) sets forth a "two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing Manual for Complex Litigation (Third) § 30.41 (1995)).

Preliminary settlement approval and notice to the proposed class are appropriate where "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (quoting *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 570 n. 12 (E.D. Pa. 2001)); *see also Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1027 (9th Cir. 1998) (the court's task is to "balance a number of factors," including "the risk, expense, complexity, and likely duration of further litigation," "the extent of discovery completed and the stage of the proceedings," and "the amount offered in settlement"). This procedure for preliminary approval of settlement agreements, endorsed by the leading class action commentator, Professor Newberg, and commonly used by Federal courts, safeguards class members' procedural due process rights and enables a court to fulfill its role as the "guardian" of the class. *See* 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* ("*Newberg*"), § 11.22 (4th ed. 2002).

The approval or rejection of the proposed settlement is committed to the Court's sound discretion. *See Class Plaintiffs v. City of Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992) (in the context of a class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon a strong showing of abuse of discretion).

1       The Court's preliminary evaluation of the proposed settlement purports to
2   determine whether it is within the permissible "range of reasonableness" and thus,
3   whether the notice to the class is appropriate.  4 *Newberg* § 11.25-26; Manual for
4   Complex Litigation (Third) ("*Manual* (Third)") § 30.41 (1995).

### A.     Provisional Certification of the Settlement Class

    The Parties request that the Court provisionally certify the proposed Settlement
Class.  Provisional class certification is appropriate at the preliminary approval stage
where, as here, the proposed settlement class (as defined in the parties' Settlement)
has not previously been certified by the Court, and the requirements for certification
are met.  4 *Newberg* § 11.22; *see generally*, Gaines Decl. at ¶¶26-34.  Pragmatically,
provisional class certification facilitates distribution of notice on the terms of the
proposed settlement and the date and time of the final approval hearing to all
settlement class members.  *See Manual* (Third) § 30.41.

    The additional rulings sought by this motion – approving the form, content and
distribution of the Settlement Documents and scheduling a formal fairness hearing –
facilitate the settlement approval process, and are also traditionally made at this
preliminary approval stage.  4 *Newberg* § 11.26.

### B.     Settlement Administration Timeline

    The following schedule sets forth a proposed sequence for the relevant dates
and deadlines embodied in the Settlement, conditioned upon this Court granting
preliminary approval of the proposed Settlement.  This is outlined in the Proposed
Order filed herewith.  *See* Stip. at ¶ 10.2:

| | |
|---|---|
| Last day for Stream to deposit $450,000 with the Claims Administrator for notice expenses | 15 days after preliminary approval |
| Last day for Defendants to provide the settlement administrator with last known addresses and/or e-mail addresses of Class Members | 21 days after preliminary approval |
| Last day for settlement administrator to mail and e-mail notice to Class Members | 42 days after preliminary approval |
| Last day for settlement administrator to begin publishing Short Form Notice in a newspaper in accordance with | 45 days after preliminary approval |

- 9 -

| paragraph 6.3 above | |
|---|---|
| Last day for requests for exclusion from the settlement to be postmarked by Class Members | 105 days after preliminary approval |
| Last day for Plaintiff to file motion for final approval of settlement and application for attorneys' fees and costs, class representative's service payment, and claims administration expenses | 130 days after preliminary approval |
| Last day for Class Members to file objections to the settlement | 145 days after preliminary approval |
| Last day for the Parties to reply to any objections filed by Class Members | 160 days after preliminary approval |
| Hearing on motion for final approval of settlement and application for attorneys' fees and costs, class representative's service payment, and claims administration expenses | 175 days after preliminary approval |
| Last day for Stream to deposit subsequent Common Fund payment of $9,030,000 with the Claims Administrator | 15 days after the Effective Date |
| Last day for claims to be submitted by Class Members | 180 days after preliminary approval |

## V.   PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation.  *See* 4 *Newberg* § 11.41 (and cases cited therein); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

Preliminary evaluation of class action settlements is intended to determine only whether the proposed settlement is within the range of possible approval or whether it is potentially fair, as the Court will make a final determination on adequacy at the final approval hearing.  *See Acosta v. Trans Union LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007); *In re Traffic Exec. Ass'n*, 627 F.2d 631, 633-34 (2d Cir. 1980); 4 *Newberg* § 11.25.

The Court thus has broad powers to determine whether a proposed settlement is fair under the circumstances of the case, *see Torrisi v. Tucson Elec. Power Co.*, 8

- 10 -

F.3d 1370, 1375 (9th Cir. 1993); *Acosta*, 243 F.R.D. at 384 (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977)), and preliminary approval of a settlement agreement should be granted unless there are reasons to doubt its fairness or there are other "obvious deficiencies" in the proposed settlement making it clear it would not ultimately weather a final approval hearing.  *See In re Prudential Securities, Inc.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

To make this fairness determination, courts consider several relevant factors, including the strength of the plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, as well as the experience and views of counsel.  *Torrisi*, 8 F.3d at 1375.  This list of factors is not exclusive, however, and the court may balance and weigh factors differently depending on the factual circumstances of each case. *See id.* at 1376.

The *Manual* summarizes the preliminary approval criteria as follows:

"If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval**,** the court should direct that notice . . . be given to the Class Members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement."  *Manual* (Third) § 30.41; *see also* 4 *Newberg* § 11.25.

When examining settlement agreements, a presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small.  4 *Newberg* § 11.41.

Here, the proposed Settlement clearly falls well within the range of reasonableness as the terms of the agreement are fair and adequate and provide an excellent result for Plaintiff and Class Members, especially considering the complexities of the case, the substantial risk inherent in non-certification, and the risks of not prevailing on the merits at trial.  Gaines Decl. at ¶¶ 16-25.  Further, Plaintiff has engaged in extensive discovery over the course of half a year, including depositions, review of thousands of documents, and extensive written discovery.  The Parties have engaged in informed, good faith, arms-length negotiations with adequate access to necessary information, and did so with the assistance of a highly regarded and experienced mediator, who ultimately suggested a settlement along the lines that the Parties' agreed upon.  *See generally* Gaines Decl. at ¶¶ 11-25.

Both Plaintiff's counsel and Defendants' counsel are experienced in class action matters and are capable of assessing the strengths and weaknesses of claims and the benefits of the proposed Settlement under the circumstances of the case and in the context of a private, consensual agreement.  Plaintiff's counsel believes the Settlement offers an exceptional result to Class Members, commensurate with the risks of further litigation.  Accordingly, preliminary approval of the Settlement is appropriate.  Gaines Decl. at ¶ 2-6, 16-24; Declaration of Daniel F. Gaines at ¶¶ 2-5; Declaration of Scott A. Miller at ¶¶ 2-4; Declaration of Steven L. Miller at ¶¶ 2-4.

### A.    The Terms of the Proposed Settlement Provide Reasonable Compensation for Plaintiff's and Class Members' Damages

Ultimately, a settlement should stand or fall on the adequacy of its terms.  *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981).

This matter presents a unique factual pattern and the Settlement reflects an excellent compromise.

The bases of the Class Members' claims are statutes and case law which render the recording of telephone conversations without the consent of all parties to the conversation tortious conduct.  Gaines Decl. at ¶¶ 8, 12.  The California Penal Code

- 12 -

provides for statutory damages of $5,000 per occurrence (*California Penal Code* § 637.2). Other states have similar statutes and case law which impose similar restrictions.[2]

Based upon the discovery completed thus far and the nature of the claims alleged, neither Plaintiff Batmanghelich, nor any other Class Member, has suffered actual damages as a result of the conduct alleged in the lawsuit. In fact, it is suspected that few – if any – Class Members even realize they have been subject to the harm alleged on their behalf. Based on this analysis, whatever Class Members receive will be nothing short of a windfall in exchange for the release of claims which they do not know they have. Gaines Decl. at ¶¶ 16, 25.

However, the purpose of the relevant laws – to discourage the surreptitious recording of telephone calls – will be advanced by this Settlement in several ways. The Defendants have not only changed their business practices by agreeing not to record telephone calls in the future without full disclosure going forward (Stip. at ¶ 4), but they are paying a Common Fund of $9,480,000 to compensate Class Members. Stip. at ¶ 1(l); Gaines Decl. at ¶ 17.

Defendants' defenses to certification and liability are an important basis for validating the reasonableness of the settlement amount. Sirius and Stream have consistently maintained that they have ample legal and factual grounds for defending this action on both class and merits issues. Gaines Decl. at ¶¶ 18-23.

---

[2] California's statute is particularly harsh – statutory damages of $5,000 per occurrence. Some of the other states encompassed in the settlement have statutes which provide for statutory damages or penalties of no more than $1,000 per occurrence, and some states require a showing of actual damages to recover. *See, e.g.*, Conn. Gen. Stat. Ann. § 52-570d(a) et seq. (Connecticut); Fla. Stat. Ann. § 934.03(1) et seq. (Florida); 720 ILS 5/14-2(a) et seq. (Illinois); Md Cts. & Jud. Proc. Code Ann. § 10-402(a) et seq. (Maryland); M.G.L.A. 272 § 99 et seq. (Massachusetts); M.C.L.A. 750.539a et seq. (Michigan); Nev. Rev. Stat. § 200.620 et seq. (Nevada); NH Rev. Stat. Ann. § 570-A:2 et seq. (New Hampshire); 18 Pa. Cons. Stat. Ann. § 5703(1) et seq. (Pennsylvania); Wash. Rev. Code Ann. § 9.73.030 et seq. (Washington).

1    In considering the reasonableness of this settlement, Plaintiff was keenly aware

2    of the doctrine of annihilating damages and its potential impact on a class

3    certification ruling.  Several courts in the Central District of California have denied

4    class certification of cases when the potential damage exposure following

5    certification could potentially be so large that it would be "annihilating" to the

6    Defendant.  *See Najarian v. Avis Rent a Car Sys.*, No. CV 07-0588, 2007 U.S. Dist.

7    LEXIS 59932 (C.D. Cal. June 13, 2007); *Najarian v. Charlotte Rousse, Inc.*, No. CV

8    07-0501, 2007 U.S. Dist. LEXIS 59879 (C.D. Cal. June 12, 2007); *Soualian v. Int'l

9    Coffee & Tea LLC*, No. CV 07-0502, 2007 US. Dist. LEXIS 44208 (C.D. Cal June

10    11, 2007); *Spikings v. Cost Plus Inc.*, No. CV 06-8125, 2007 U.S. Dist. LEXIS 44214

11    (C.D. Cal. May 25, 2007); *Legge v. Nextel Commc'ns, Inc.* No. CV 02-8676, 2004

12    U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004).  Although the Ninth Circuit very

13    recently partially rejected the reasoning in these cases (*see Bateman v. American

14    Multi-Cinema, Inc.*, --- F.3d ----, 2010 WL 3733555 (9th Cir. Sept. 27, 2010)), it still

15    left open the possibility that the annihilating damages doctrine could bar certification.

16    *See* Gaines Decl. at ¶¶ 18, 21.

17    Defendants also opposed certification on other grounds, including the difficulty

18    of ascertaining the identity of class members without listening to each and every

19    telephone call.  Gaines Decl. at ¶ 20.

20    With respect to liability on the merits, Defendants argued that even if class

21    certification was granted and even if Plaintiff prevailed at trial, any potential damage

22    award would almost certainly be reduced through the Court's equitable powers (*see

23    Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95 (2006) [wherein the Supreme

24    Court applied its equitable powers to reduce substantial statutory damages to zero]).

25    Gaines Decl. at ¶ 21.

26    In California alone, Defendants recorded several hundred thousand telephone

27    conversations during the applicable class period.  At $5,000 per call, total damages

28    would easily reach the billions of dollars – likely more than the net worth of Sirius

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

and Stream combined.  Bankrupting these companies as a result of this violation of the law results in absurdity.  *See id.*; *see also Ratner v. Chemical Bank NY Trust Co.*, 54 F.R.D. 412, 416 (S.D.N.Y. 1972); *Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 234-35 (9th Cir. 1974) (reversing the trial court's certification of an antitrust action involving 400,000-800,000 transactions and damages of more than $250 million, finding that class treatment was not superior as it would subject the defendants to "staggering damages" disproportionate to the actual harm suffered).

Plaintiff, however, argued in favor of certification on numerous bases, including the fact that the alleged violations here were secret, class members did not know their telephone calls were being violated, and as a result, a class action was the only possible manner by which to litigate these claims.  Gaines Decl. at ¶ 19.

Considering the risk that the Class would not be certified and that Plaintiff would not succeed at trial (or that a substantial judgment in the class' favor would be reduced after trial), the present settlement represents an excellent compromise of Plaintiff's claims.  Gaines Decl. at ¶¶ 6, 22-25.

**B.    The Settlement is the Product of Serious, Arm's-Length, Informed Negotiations and There are no Indications Present to Doubt its Fairness**

The Parties engaged in arm's-length, informed negotiations during the course of contentious litigation in order to reach the proposed Settlement.  Gaines Decl. at ¶¶ 11-15.

The judgment of experienced counsel is also an important factor in a court's determination that negotiations were fair and informed.  Absent fraud and collusion, the court may not only *rely* upon the judgment of experienced counsel, but should be hesitant to "substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Officers for Justice v. Civ. Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  Furthermore, the involvement of

1    an objective, third-party neutral tends to demonstrate the presence of arm's-length

2    negotiations.  *See Martens v. Smith Barney*, 181 F.R.D. 243, 262-63 (S.D.N.Y. 1998).

3          Class Counsel have conducted significant investigation and discovery into the

4    facts of this class action case, including taking depositions of the persons most

5    knowledgeable at Sirius and Stream in Boston and Los Angeles.  Sirius and Stream

6    have produced thousands of pages of documents, all of which were reviewed and

7    analyzed in advance of settlement negotiations.  Multiple sets of extensive written

8    discovery were exchanged as well.  Gaines Decl. at ¶¶ 11-15.

9          Based on this investigation and evaluation, Plaintiff's counsel firmly believe

10   the Settlement, on the terms set forth in the Stipulation, is fair, reasonable, adequate,

11   and is in the best interest of the Settlement Class in light of all known facts and

12   circumstances, including the risk of significant delay, the risk the Settlement Class

13   will not be certified by the Court, defenses asserted by Sirius and Stream, and

14   numerous potential appellate issues.   Preliminary approval of the Stipulation of

15   Settlement is appropriate.  Gaines Decl. at ¶¶ 6, 16-25.

16   **VI.    PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE**

17         The Named Plaintiff may, at the preliminary approval stage, request that the

18   Court provisionally approve certification of the class for settlement purposes,

19   conditioned upon final approval of the settlement.  4 *Newberg* § 11.26 (the court's

20   findings "at a preliminary hearing or conference concerning a tentative settlement

21   proposal . . . may be set out in conditional orders granting tentative approval to the

22   various items…. These conditional rulings may approve a temporary settlement class,

23   the proposed settlement, and the class counsel's application for fees and expenses.")

24   Before a court evaluates a settlement under Federal Rule of Civil Procedure 23(e), it

25   must determine that the settlement class satisfies the requirements enumerated under

26   Rule 23(a) and at least one of the requirements in Rule 23(b).  *Molski v. Gleich*, 318

27   F.3d 937, 946 (9th Cir. 2003).  As discussed below, the proposed class meets all of

28   the requirements of certification for settlement purposes.

### A.    FRCP 23(a) Requirements For Class Certification Are Met

Preliminary approval of the Settlement is justified because the class certification requirements exist for the Settlement Class. Rule 23(a) provides the factors that the Court looks to for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. All four of these elements are satisfied by the proposed class for Settlement purposes.

#### 1.    Numerosity

If the class is sufficiently large that joinder of all members is impractical or that individual joinder is impractical, the numerosity requirement is met. *See Cox v. American Cast Iron Pipe*, 784 F.2d 1546, 1557 (11th Cir. 1986).

While the precise number of class members is unknown, retained statistics indicate that the class contains upwards of one million members. Therefore, joinder of individual claims would be impractical and the numerosity requirement is satisfied for settlement purposes only. Gaines Decl. at ¶ 28.

#### 2.    Commonality

The commonality requirement of Rule 23(a) is met if there are common questions of fact and law among the class. *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class"). Here, the Settlement Class Members all seek the same remedies under identical (or similar) state laws under the same theories of recovery, all relating to the surreptitious recording of telephone conversations. The same factual predicates apply to each and every Class Member. The Settlement compensates Class Members for these identical claims. Gaines Decl. at ¶ 29. Under these circumstances, the commonality

- 17 -

requirement is satisfied for settlement purposes. *Id*. at 1019-20; *see also Cox*, 784 F.2d at 1557.

### 3.     Typicality

The typicality requirement of Rule 23(a) is met if the claims of the Named Plaintiff are typical of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Factual differences may exist between the class and the Named Plaintiff, provided the claims arise from the same events or course of conduct and are based upon the same legal theories. *Id*. Moreover, the typicality and commonality elements of Rule 23(a) "tend to merge" because both assess whether the claims of the class and the named plaintiffs are sufficiently interrelated to make class treatment appropriate. *Gen. Tel. Co. of the SW v. Falcon*, 12 S.Ct. 2364, 457 U.S. 147, 157 n. 13 (1982).

Here, Plaintiff Batmanghelich's claims are not only typical of those of all Class Members – they are identical. Plaintiff alleges his telephone conversations with Defendants were recorded without notice or consent. This is the same claim alleged on behalf of all Class Members. Gaines Decl. at ¶ 30. Plaintiff satisfies the typicality requirement for settlement purposes because his claims arise from the same factual basis and are based on the same legal theories as those applicable to all Settlement Class Members. *Welmer v. Syntex* 117 F.R.D. 641, 644 (N.D. Cal. 1987).

### 4.     Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff and class counsel fairly and adequately represent and protect the interests of the class. If the Named Plaintiff and Class Counsel have no interests adverse to the interest of the proposed class members and are committed to vigorously prosecuting the case on behalf of the class, then the adequacy requirement is met. *Hanlon*, 150 F.3d at 1020; *see also Griffin v. Carlin*, 755 F.2d 1516 (11th Cir. 1985).

Here, Plaintiff Kambiz Batmanghelich has interests directly aligned with all Class Members and has prosecuted this case on their behalf for nearly a year. He has

1  no apparent conflicts with Class Members.  He has demonstrated his commitment to

2  prosecute this Action on their behalf through its conclusion.  Gaines Decl. at ¶ 31.

3      Under the proposed Settlement, Mr. Batmanghelich will request a small service

4  payment – $10,000, for his significant time and efforts assisting Class Counsel with

5  factual issues surrounding the case, and in exchange for his own share of the

6  Settlement Amount.  This award represents about one-tenth of one percent of the

7  Common Fund, and therefore does not constitute a sufficient conflict of interest to

8  foreclose fulfilling the adequacy requirement.  *See* Stip. at ¶ 3.6; Gaines Decl. at ¶ 35.

9      Additionally, Plaintiff's counsel are highly experienced litigators, with a

10  collective seven decades of litigation experience.  As evidenced by the declarations of

11  Steven L. Miller, Scott A. Miller, Daniel F. Gaines, and Kenneth S. Gaines, filed

12  herewith, each has substantial experience prosecuting complex class action cases,

13  both in the consumer and employment contexts.  As such, there is no conflict of

14  interest between the Named Plaintiff, proposed Class Counsel, and the Settlement

15  Class Members, and the adequacy element is met.  Gaines Decl. at ¶¶ 2-5, 32; Daniel

16  F. Gaines Declaration at ¶¶ 2-5; Scott A. Miller Declaration at ¶¶ 2-4; Steven L.

17  Miller Declaration at ¶¶ 2-4.

18      **B.      FRCP 23(b)(3) Requirements for Class Certification are Met**

19      The proposed Settlement Class also meets the requirements of Rule 23(b)(3)

20  for settlement purposes because: 1) common questions predominate over questions

21  that affect individual members; and 2) class resolution is superior to other available

22  methods of adjudication.  When assessing predominance and superiority, the Court

23  may consider that the class will be certified for settlement purposes only.  *Amchem*

24  *Prods., Inc. v. Windsor*, 521 U.S. 591, 618-620 (1997).  A showing of manageability

25  at trial is unnecessary; the dispositive inquiry at this stage is "whether the proposed

26  classes are sufficiently cohesive to warrant adjudication by representation."  *Id.* at

27  618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

28

### 1.   Predominance

The claims of the Settlement Class here are sufficiently cohesive to warrant certification.  For settlement purposes, common questions of fact and law affecting proposed Class Members in this case clearly predominate over questions that may affect individual members.  In analyzing predominance, as with commonality, "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Cox*, 784 F.2d at 1557.  The test is whether the proposed class is sufficiently cohesive to warrant adjudication by representation.  Here, the proposed Settlement Class is sufficiently cohesive because all Settlement Class Members share a common nucleus of facts and potential legal remedies – the same facts and law govern their claims; this Court could try their claims in representative fashion by common evidence regarding Plaintiff's and Class Members' claims, and identical law applies.  All of the Settlement Class Members seek damages based on the same allegations.  As a result, common questions of law and fact predominate here.  Gaines Decl. at ¶ 33.

### 2.   Superiority

Particularly in the settlement context, class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.  *See Hanlon*, 150 F.3d at 1023.  The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution." *Id.* At 1023.  Here, as in *Hanlon*, the alternative method of resolution is individual claims for relatively small amounts of damages, proving uneconomical for potential plaintiffs because the cost of litigation dwarfs potential recovery.  *Id.*

Perhaps the most persuasive argument in favor of the superiority of class treatment here is the surreptitiousness of the alleged violations by Defendants; were a class not certified, many (if not all) Class Members would not bring claims for the violations alleged, because few (if any) know their calls were recorded: Defendants' alleged unlawful conduct, by its very nature, is secret in nature.  As a result, class

treatment is a superior method for adjudicating these claims, and a class action is the preferred method of resolution.  Gaines Decl. at ¶ 34.

## VII.  THE PROPOSED CLASS NOTICE IS APPROPRIATE

### A.  The Class Notice Satisfies Due Process

The Class Notice, attached as Exhibit "B" to the Stipulation of Settlement and discussed more fully at Stip. at ¶ 6, is intended to apprise all Class Members of the litigation and their right to claim a share of the settlement (or opt-out of/object to it). The proposed notice meets the standards set forth in Rule 23(c)(2)(B) for classes certified under Rule 23(b)(3).  Defendants understand the vast majority of Class Members are current and former Sirius customers.  The notice plan is:

1.  Sirius shall provide the Settlement Administrator with the most recent e-mail addresses of Identifiable Class Members in the affected states for the relevant class period.  "Identifiable Class Members" are those Sirius Satellite Radio and XM Satellite Radio customers with last known addresses in the affected states who Defendants' records show placed a call to Sirius Satellite Radio or XM Satellite Radio that was handled by Stream during the relevant class period.

2.  The Settlement Administrator shall make multiple attempts to e-mail the Notice to all Identifiable Class Members for whom Sirius has an e-mail address on file, including at secondary e-mail addresses if available.  For those Identifiable Class Members whose e-mail is rejected, they shall be subject to the publication notice, set forth below.

3.  For Identifiable Class Members for whom Sirius has no e-mail address on file, Sirius shall provide the Settlement Administrator with their last known physical mailing address, if available.  The

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1              Settlement Administrator shall mail by U.S. Mail a postcard

2              notice in the form attached to the Stipulation as Exhibit "D."

3      4.        Notice shall be published three times in the U.S.A. Today

4              newspaper for the purpose of notifying potential class members

5              who are not Identifiable Class Members.

6      5.        Claims forms may be submitted online through a website to be

7              developed by the Settlement Administrator.  The website shall

8              also include information about the Action, including relevant

9              documents.  Upon request, Class Members may submit claims by

10             U.S. Mail.

11        In addition, the Settlement Agreement provides specific authority to the

12 Settlement Administrator to handle issues of deficient responses from Settlement

13 Class Members, and skip tracing and more extensive manual searches for returned

14 notice mailings.  The Notice and Settlement administration processes are consistent

15 with those approved by numerous state and federal courts and are, under the

16 circumstances of this case, the best notice practicable.

17       **B.**     **The Proposed Notice is Accurate and Informative**

18        The proposed notices provide information on the meaning and nature of the

19 proposed settlement and Settlement Class, the terms and provisions of the Settlement,

20 the relief the settlement will provide Settlement Class Members, the amount of

21 proposed service payments to Named Plaintiff, the amount of attorneys' fees and

22 costs that Class Counsel may request, and the date, time and place of the final

23 approval hearing.  The notices clearly and accurately describe the nature of the action,

24 the definition of the Settlement Class, and the class claims.  *See* Exs. "A," "B," and

25 "D" to Stipulation.  The notices also inform class members that they may enter an

26 appearance through counsel if they so desire, indicate that the Court will exclude

27 from the class any member who requests exclusion, and explains the binding nature

28 of class judgment under Rule 23(c)(3).  *Id.*  The notice also provides class members

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

with an opportunity to file objections to the settlement as required by Rule 23(e)(4)(A). *Id.*

Further, the notice also fulfills the requirement of neutrality in class notices. *See* 2 *Newberg* § 8.39.  It summarizes the proceedings to date, Plaintiffs' allegations, and the terms and conditions of the Settlement, in an informative and coherent manner, in compliance with the *Manual's* statement that "the notice should be accurate, objective, and understandable to Class Members. . . ." *Manual* (Third) at § 30.211.  The notice clearly states that the Settlement does not constitute an admission of liability, and recognizes that the Court has not ruled on the merits of the action.  It also states that the final Settlement approval decision has yet to be made. Accordingly, the notice complies with the standards of fairness, completeness and neutrality required of a settlement class notice disseminated under authority of the Court. *See* Fed. R. Civ. P. 23(c)(2), 23(e); 2 *Newberg* §§ 8.21, 8.39; *Manual* (Third) §§ 30.211, 30.212.

## VIII.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The last step in the settlement approval process is the formal hearing, at which the Court may hear all evidence and argument necessary to evaluate the Settlement. At that hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of Settlement approval, and members of the Settlement Class, or their counsel, may be heard in support of or in opposition to the Settlement Agreement.  The parties recommend that the hearing be held approximately 175 days after preliminary approval by the Court, or on or about May 23, 2011, which would give the Parties sufficient time to commence the administration process and complete the notice program.  At the same time, Plaintiff will file and brief his application for an award of attorneys' fees and costs, and for the Plaintiff's incentive award.

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## IX. THE PROPOSED AMENDMENT TO THE THIRD AMENDED COMPLAINT SHOULD BE PERMITTED

In connection with this Settlement, the Parties have stipulated to the amendment of the TAC, 1) amending the class definition to include residents of states other than California which have two-party consent laws, 2) expanding the class period, 3) adding claims for the violations alleged under the laws of these states other than California, and 4) amending the relief sought to include that recoverable in these states other than California.

Paragraph 34 of the TAC shall be amended to read as follows:

34.    BATMANGHELICH brings this action on behalf of himself and all others similarly situated.   This suit is properly maintainable as a class action pursuant to F.R.Civ. P. 23(a) and (b)(1), (b)(2) and/or (b)(3).   Plaintiff seeks to represent a class (the "Class") composed of and defined as follows:

All persons in California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Nevada, New Hampshire, Pennsylvania, Vermont, and Washington (the "Covered States") who (1) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (2) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (3) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009 to discuss music royalty fees or cancelling their XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored.

Paragraph 47 of the TAC shall be amended to read as follows:

47.    The aforementioned wiretapping, bugging, and eavesdropping equipment was used to record and/or listen to the telephone conversations of BATMANGHELICH and members of the Class, all in violation of *California Penal*

- 24 -

*Code §§* 631(a), 632(a), and 632.6(a), as well as similar laws in various other states.

Paragraph (c) of the prayer for relief of the TAC is amended to read as follows:

c.   Consequential damages or statutory damages pursuant to *California Penal Code* § 637.2 as well as similar statutes in various other states.

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). According to the Supreme Court, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a Plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.*

Accordingly, the Ninth Circuit follows a "strong policy permitting amendment," *Fuller v. Vines*, 36 F.3d 65, 67 (9th Cir. 1994) and cautions that leave to amend should only be denied in extreme cases such as undue delay, bad faith, or dilatory motive on the part of the movant. *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004).

Because the amendment sought here is for the purpose of effectuating the Settlement reached between the Parties and because it is unopposed by Defendants, Plaintiff requests the Court enter an order, filed concurrently, amending the TAC as set forth herein.

\\
\\
\\
\\
\\
\\
\\
\\

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1

**X.     CONCLUSION**

2          The Settlement is fair and reasonable and all of the requirements for

3   preliminary approval are met.  The Court is therefore requested to grant this motion

4   and enter and order in the form submitted concurrently.

5   DATED:  October 25, 2010           Respectfully submitted,

6                                      GAINES & GAINES,
                                       A Professional Law Corporation
7

8

9                                      By: __/s/_____
                                             KENNETH S. GAINES
10                                           DANIEL F. GAINES
11                                               Attorneys for Plaintiff Kambiz
                                                 Batmanghelich and Proposed
12                                               Class Counsel

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**