1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMBIZ BATMANGHELICH, on behalf of himself and all others similarly situated, and on behalf of the general public, <br><br>       Plaintiffs, <br><br>       v. <br><br> SIRIUS XM RADIO INC. a Delaware corporation, STREAM INTERNATIONAL INC., a Delaware corporation, and DOES 3 through 50, inclusive, <br><br>       Defendants. | CASE NO.  CV 09-9190 VBF (JCx) <br><br> [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONALLY CERTIFYING A SETTLEMENT CLASS, APPROVING FORM OF NOTICE TO THE CLASS AND SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT |

1    On March 14, 2011, at 1:30 p.m., the Court, the Honorable Valerie Baker

2  Fairbank presiding, conducted a hearing regarding the motion brought by Plaintiff

3  Kambiz Batmanghelich ("Class Representative") for Preliminary Approval of Class

4  Action Settlement, Conditionally Certifying a Settlement Class, Approving Form of

5  Notice to the Class, and Setting Hearing on Final Approval of Settlement.  The

6  parties appeared by and through their respective counsel of record.

7    After considering the papers and the arguments of counsel, and good cause

8  appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

9    1.    For purposes of this Order, the Court adopts and incorporates all

10  definitions set forth in the Amended Settlement Agreement and Release

11  ("Settlement Agreement").

12    2.    The Court finds that the requirements of Rule 23 of the Federal Rules

13  of Civil Procedure and other laws and rules applicable to preliminary settlement

14  approval of class actions have been satisfied, and the Court preliminarily approves

15  the settlement of this Action as memorialized in the Settlement Agreement, which

16  is incorporated herein by this reference, as being fair, just, reasonable and adequate

17  to the settlement Class and its members, subject to further consideration at the Final

18  Fairness and Approval Hearing described below, and thus hereby:

19    (a) conditionally certifies for purposes of implementing the Settlement

20  Agreement only the Class consisting of all persons in California, Florida, Maryland,

21  Nevada, and New Hampshire ("Covered States") who (1) placed one or more

22  telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17,

23  2009 spoke with a representative on behalf of Sirius Satellite Radio, and were not

24  provided with notice that the call may be recorded or monitored; and/or (2) received

25  one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and

26  February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio,

27  and were not provided with notice that the call may be recorded or monitored;

28  and/or (3) placed one or more telephone calls to XM Satellite Radio between

1

1   January 25, 2009 and November 17, 2009 to discuss music royalty fees or

2   cancelling their XM Satellite Radio subscription, spoke with a representative on

3   behalf of XM Satellite Radio, and were not provided with notice that the call may

4   be recorded or monitored;

5           (b) appoints Plaintiff Kambiz Batmanghelich as the representative of

6   the Class; and

7           (c) appoints Kenneth S. Gaines and Daniel F. Gaines of Gaines &

8   Gaines, APLC, Scott A. Miller of the Law Offices of Scott A. Miller, APC and

9   Steven L. Miller of Steven L. Miller, APLC, as attorneys for the Class for purposes

10  of settlement and finds for the purposes of settlement that these attorneys are

11  qualified to represent the Class.

12      3.      A hearing (the "Final Fairness and Approval Hearing") shall be held

13  on  Sept. 12  , 2011, at 1:30 p.m. before the Honorable Valerie Baker Fairbank,

14  in Courtroom 9 of the United States District Court for the Central District of

15  California, located at 312 North Spring Street, Los Angeles, California, 90012.  At

16  that time, the Court shall determine: (a) whether the proposed settlement of the

17  Action on the terms and conditions provided for in the Settlement Agreement is

18  fair, just, reasonable and adequate and should be finally approved; (b) whether

19  judgment as provided in the Settlement Agreement should be entered herein; and

20  (c) whether to approve Class Counsel's application for an award of attorneys' fees

21  and costs, Plaintiff's application for a service payment, and Plaintiff's request for

22  approval of expenses of the Claims Administrator.  The Court may continue or

23  adjourn the Final Fairness and Approval Hearing without further notice to members

24  of the Class.

25      4.      The Court approves, as to form and content, the Class Notice attached

26  hereto as Exhibit 1, the Short Form Notice attached hereto as Exhibit 2, the Post

27  Card Notice attached hereto as Exhibit 3, and the Claim Form attached hereto as

28  Exhibit 4.  The Court finds that distribution of the Class Notice and publication of

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
WEST\223134816.1

1  the Short Form Notice in the manner set forth in this Order and the Settlement

2  Agreement constitutes the best notice practicable under the circumstances, and

3  constitutes valid, due and sufficient notice to all members of the Class, complying

4  fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the

5  Constitution of the United States, and any other applicable laws.  The forms of

6  notice set forth herein and in the Settlement Agreement provide a means of notice

7  reasonably calculated to apprise the Class Members of the pendency of the action

8  and the proposed settlement, and thereby meet the requirements of Rule 23(c)(2) of

9  the Federal Rules of Civil Procedure, as well as due process under the United States

10  Constitution and any other applicable law, and shall constitute due and sufficient

11  notice to all Class Members entitled thereto.  Specifically, individual notice will be

12  provided to those potential class members who are or were customers of Sirius XM

13  and who Sirius XM believes had calls handled by Stream International, Inc. by

14  sending such notice by email and/or regular mail to each such present and former

15  customer of Sirius XM whose last known mailing address is located in the Covered

16  States, and class notice will be provided to all other potential class members by

17  publishing such notice in the USA Today (in the editions published in the Covered

18  States) for at least a period of three days and an advertisement size of at least 1/4 of

19  a page.

20          5.      The Court approves the selection of The Garden City Group, Inc. to be

21  the Claims Administrator.  The Claims Administrator will administer the applicable

22  provisions of the Settlement Agreement, including, but not limited to, distributing

23  and providing the class notice, receiving and examining claims, calculating claims

24  against the Settlement Amount, preparing and issuing all disbursements of the

25  Settlement Amount to Authorized Claimants, and handling inquiries about the

26  calculation of the individual Settlement Amounts.  All reasonable fees and costs of

27  the Claims Administrator shall be paid from the Common Fund.

28

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
WEST\223134816.1

6.     No later than twenty-one (21) days after the date of this Order, Sirius XM shall provide the Claims Administrator with a list of all customers between July 13, 2006, and February 1, 2010 (the "Class Period") with last known addresses in Covered States that Sirius XM believes had a call handled by Stream ("Class List").   This Class List shall state the name and last known mailing and email address (if available) for each such customer.   In addition, if Sirius XM has additional email addresses for any customer, that information shall be included in the Class List.

7.     No later than twenty-one (21) days after receipt of the Class List, the Claims Administrator shall email the Class Notice to the last known email address of each person on the Class List for whom an email address was provided.   The email containing the Class Notice shall bear a phrase in the subject heading that is in bold type, and that attracts attention and sufficiently describes the importance of the legal notice and class action settlement, such as:   "IMPORTANT LEGAL NOTICE – CLASS ACTION SETTLEMENT."   The email shall also include a hyperlink to the Claim Form available on the Claims Administrator's website.   No later than thirty (30) days after receipt of the Class List, the Claims Administrator shall send by regular mail the Post Card Notice to those persons in the Class List for whom an email address was not provided in the Class List.

8.     With respect to those customers whose Class Notice by email is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly verify that the email address used was that provided in the Class List and resend the email at least two additional times.   If another email address was provided by Sirius XM to the Claims Administrator, the Claims Administrator shall also send the Class Notice by email to that address.   With respect to those customers whose Post Card Notice by regular mail is returned to the Claims Administrator as undeliverable, the Claims Administrator shall promptly attempt to obtain an updated address for that customer from the United States Post Office, and

4

1   if such an address is obtained, shall resend the Post Card Notice to that updated
2   address.

3        9.     No later than forty-five (45) days after the date of this Order, notice
4   also will be provided by publication of the Short Form Notice in the USA Today (in
5   the editions published in the Covered States) for a period of no less than three days
6   and an advertisement size of no less than 1/4 of a page, which shall include the web
7   address of the Claims Administrator's website, where the Claim Form must be
8   accessed, filled out, and submitted.

9        10.    No later than thirty (30) days after the third day of publication of the
10   Short Form Notice in the USA Today, the Claims Administrator shall provide
11   Defense Counsel and Class Counsel with a declaration attesting to completion of
12   the publication notice process and the individual notice process (except for any
13   ongoing attempt to obtain and verify valid e-mail or mailing addresses for, and the
14   re-sending of, any returned Notices of Class Settlement).   Class Counsel shall
15   promptly file this declaration with the Court.

16        11.    Any person may request to be excluded from the Class by mailing a
17   letter, by first class mail, return receipt requested, to the Claims Administrator and
18   copying Class Counsel and Defense Counsel, containing a statement that he or she
19   requests to be excluded from the Class.   Any such request must be made in
20   accordance with the terms set forth in the Class Notice and will be timely only if
21   postmarked no later than one hundred five (105) days and received by the Claims
22   Administrator no later than one hundred twenty (120) days after the date of this
23   Order (said one hundred twenty day period being the "Exclusion Period").   No later
24   than five (5) days after the Exclusion Period, the Claims Administrator shall
25   provide Defense Counsel and Class Counsel with a list of the Class Members who
26   have requested exclusion from the Class.

27        12.    If more than one hundred (100) Class Members request exclusion from
28   the Class within the Exclusion Period, Stream and/or Sirius XM shall have the

5

1  option to terminate the Settlement Agreement and the settlement proceedings, and

2  this Order shall be null and void and the settlement of no force and effect.  Stream

3  and/or Sirius XM shall give notice of such termination in writing to Class Counsel

4  and Defense Counsel no later than fourteen (14) days after the day it receives the

5  list of Class Members who have requested exclusion from the Class.  The notice of

6  termination shall then promptly be filed with the Court by Class Counsel.

7      13.    In order to be an authorized claimant entitled to settlement funds, the

8  Claim Form must be electronically submitted to the Claims Administrator no later

9  than one hundred eighty (180) days after the date of this Order ("Claim Period").

10  Notwithstanding anything else in this Order, on a case by case basis the Claims

11  Administrator, with the consent of Class Counsel and Defense Counsel, may accept

12  the submission of a paper claim form from a Class Member so long as that form is

13  received before the expiration of the Claim Period.

14      14.    Promptly   upon   expiration   of   the   Claim   Period,   the   Claims

15  Administrator shall provide copies or summaries of the submitted Claim Forms, in

16  a readable format, to Class Counsel and Defense Counsel, by email or overnight

17  mail.  Stream and/or Sirius XM shall have thirty (30) days from its receipt of the

18  Claims   Forms   or   summaries   thereof   to   notify   Class   Counsel,   the   Claims

19  Administrator and the Defense Counsel for the other Party that it is exercising its

20  option to research the basis of each or any claimant's claim, including the accuracy

21  of  the  information  provided  on  the  Claim  Form,  to  verify  the  propriety  and

22  accuracy of each claim.  If Stream or Sirius XM exercises this option, its review

23  process  shall  be  completed  within  one  hundred  eighty  (180)  days  after  the

24  conclusion  of  the  Claim  Period.    If  Stream  or  Sirius  XM  determines  that  the

25  information provided on any Claim Form is inaccurate or incomplete, Stream or

26  Sirius XM shall notify Class Counsel, Defense Counsel for the other Party and the

27  Claims Administrator and the Claim Form shall be deemed deficient.  The claimant

28  shall have thirty (30) days from the date of notice of the deficiency to cure the

6

1  defective or incomplete information on the Claim Form.   If Stream or Sirius XM

2  exercises the option to research the basis of each or any claimant's claim, Stream

3  and/or Sirius XM shall cooperate and assist the other Party with this research upon

4  reasonable request.

5       15.   Class Counsel shall file a motion for final approval of settlement no

6  later than one hundred thirty (130) days after the date of this Order.  Any request by

7  Class Counsel for an award of attorneys' fees or reimbursement of expenses shall

8  be included in the motion for final approval of settlement, and that request shall be

9  accompanied by supporting evidence.  The motion for final approval of settlement

10  shall be posted on the website of the Claims Administrator so that it may be

11  reviewed and printed out by any member of the Class.

12       16.   Any Class Members wishing to object to the approval of the

13  Settlement or the award of attorneys' fees and reimbursement of expenses to Class

14  Counsel ("Objecting Class Members") shall no later than one hundred forty-five

15  (145) days after the date of this Order inform the Court, Class Counsel, and

16  Defense Counsel in writing of his or her intent to object by filing with the Clerk of

17  the United States District Court for the Central District of California written

18  objections and copies of any papers and briefs desired to be considered by the

19  Court, together with proof of membership in the Settlement Class in the manner set

20  forth in the Class Notice, and sending copies of the same to each of the following:

21       Class Counsel:

22       ~~Kenneth S. Gaines, Esq.~~
     Daniel Gaines, Esq.

23       Gaines & Gaines, APLC
     21550 Oxford Street, Suite 980

24       Woodland Hills,  California 91367

25       Defendants' Counsel:

26       Edward D. Totino, Esq.
     DLA Piper LLP (US)

27       1999 Avenue of the Stars, Suite 400
     Los Angeles, California 90067

28       Attorneys for Stream International, Inc.

7

-and-

Trenton H. Norris, Esq.
Arnold & Porter LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111
Attorneys for Sirius XM Radio, Inc.

Any Class Member who has filed and served such written objections may, but is not required to, appear himself or herself, or through counsel, at the Final Fairness and Approval Hearing and object to the approval of the Settlement or the award of attorneys' fees and reimbursement of expenses to Class Counsel. No Class Member, or any other person, shall be heard or entitled to contest the approval of the proposed Settlement, the judgment to be entered approving the same, or the award of attorneys' fees and reimbursement of expenses to Class Counsel, unless that Class Member has filed and served written objections together with proof of membership in the Settlement Class in the manner set forth herein. The Parties shall file any response to the objections submitted by Objecting Class Members no later than one hundred sixty (160) days after the date of this Order.

17. Any settlement Class Member who does not make his, her or its objection(s) in the manner so provided herein and in the Class Notice shall be deemed to have waived such objection(s) and shall forever be foreclosed from making any objection(s) to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and the award of attorneys' fees and reimbursement of expenses to counsel and the right to appeal any orders that are entered relating thereto, unless otherwise ordered by the Court.

18. The Court reserves the right to adjourn the date of the Final Fairness and Approval Hearing and any adjournment thereof without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the

8

1    settlement, with such modifications as may be agreed to by the parties to the

2    settlement, if appropriate, without further notice to the Class.

3

4    **IT IS SO ORDERED.**

5

6    Dated:    3-14-11                                    *Valerie Baker Fairbank*

7    _____
                                              United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
WEST\223134816.1

# Exhibit 1

| | |
|---|---|
| KAMBIZ BATMANGHELICH, et al v. SIRIUS XM RADIO INC. AND STREAM INTERNATIONAL, INC. | United States District Court for the Central District of California Case No. CV 09-9190 VBF(JCx) NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION |

## NOTICE OF CLASS ACTION SETTLEMENT

### ATTENTION ALL PERSONS IN CALIFORNIA, FLORIDA, MARYLAND, NEVADA, AND NEW HAMPSHIRE WHO HAD TELEPHONE CALLS WITH SIRIUS SATELLITE RADIO OR XM SATELLITE RADIO: YOU MAY BE ENTITLED TO MONETARY RECOVERY

There is now pending in the United States District Court for the Central District of California ("Court") a lawsuit entitled *Kambiz Batmanghelich, et al. v. Sirius XM Radio Inc. and Stream International, Inc.*, Case No. CV-09-9190 VBF(JCx), which involves allegations that telephone calls with Sirius XM Radio Inc. ("Sirius XM") that were handled by Sirius XM's customer care provider Stream International, Inc. ("Stream") (Stream and Sirius XM, collectively, "Defendants"), were monitored and/or recorded without providing notice that the calls may be monitored or recorded. Defendants have denied and continue to deny any liability, and there has been no finding that Defendants have violated any laws.

### THE CLASS

You are a Class Member and a proposed class action settlement (the "Settlement") could affect your legal rights if you were in California, Florida, Maryland, Nevada, or New Hampshire (the "Covered States") and

(a) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or

(b) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or

(c) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009, to discuss music royalty fees or cancelling your XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored (the "Settlement Class").

If you qualify to be in the Settlement Class, you are a Class Member and may be entitled to payment of money from the Settlement Amount.

### THE ACTION AND THE SETTLEMENT

This class action arose out of allegations regarding Defendants monitoring and/or recording telephone calls with customers without always giving notification that the call may be recorded or monitored and/or obtaining consent to recording or monitoring.

Representative Plaintiff Kambiz Batmanghelich ("Representative Plaintiff") alleged in the Complaint that Defendants monitored and/or recorded telephone calls without notice to or consent of the parties to the telephone calls in violation of applicable telephone privacy and/or recording laws. Representative Plaintiff sought fixed damages under the applicable laws, injunctive relief, and an award of attorneys' fees and costs.

Defendants have denied liability and dispute all allegations and claims set forth in the Complaint. However, the parties have nonetheless decided to negotiate a settlement of this action in order to avoid the burden, expense and uncertainty of further litigation. Further, the parties, after a thorough investigation of the facts and applicable law concerning all claims and defenses, have agreed that the proposed settlement is in the best interest of all Class Members and that the proposed settlement is fair, reasonable and adequate.

Without admitting liability, Nine Million Four Hundred Eighty Thousand Dollars ($9,480,000) (the "Common Fund") will be paid to settle the case. The Common Fund, less any attorneys' fees and costs awarded by the Court to Class Counsel, as well as the costs of class notice and claims administration which are expected to be approximately $450,000, will be the "Settlement Amount." Subject to approval by the Court, ten thousand dollars ($10,000) from the Settlement Amount will be paid to Representative Plaintiff and the remainder will be distributed to the Class Members. If any of the Settlement Amount remains after payment of all claims of Class Members and Representative Plaintiff, such funds will be paid to charitable organization(s) qualified under 501(c)(3) of the Internal Revenue Code as more fully set forth in the Settlement Agreement and Release.

Subject to approval of the settlement by the Court, each member of the Settlement Class who does not request exclusion from the class and who submits a valid claim as described below shall be entitled to an individual settlement amount. The actual amount received by each Class Member will depend on the number of valid claims submitted and approved from each of the various Covered States. Payments to the Class Members will be calculated by: (1) dividing the Settlement Amount less $10,000 by the sum of five times the number of authorized claimants from California plus the number of authorized claimants from Covered States other than California to calculate the "Prorated Settlement Amount," and (2) distributing five times the Prorated Settlement Amount to each Class Member who was in California when the telephone calls with Defendants were made during the class period, and distributing the Prorated Settlement Amount to each Class Member who was in a Covered State other than California when the telephone calls with Defendants were made during the class period. The maximum individual settlement amount for a Class Member who was in California at the time of any telephone call with Defendants during the class period is $5,000 and the maximum individual settlement amount for a Class Member who was in another Covered State at the time of the telephone calls with Defendants during the class period is $1,000.

## FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class. All Class Members who submit claims, and all Class Members who do not validly and timely request to be excluded from the proposed settlement, shall be subject to a binding judgment in favor of the Defendants. All such Class Members shall be forever barred from prosecuting their own lawsuits and shall be deemed to have released Defendants and their agents from all claims, causes of action or losses of any kind whatsoever relating to the monitoring or the recording of telephone calls that any

Class Member has or may claim to have against such persons that are based upon, arise out of, or in any way relate to any of the acts, omissions or other conduct that were or could have been alleged or otherwise referred to in the action.

## HOW TO MAKE A CLAIM

Subject to the approval of the settlement by the Court, if you want to participate in the settlement, you must complete and submit online the Claim Form that is available on the Internet at the following web address: [claims administrator web address] no later than _____, 2011.

If you choose to participate in the settlement by submitting a Claim Form, you will be bound by all of the provisions of the Settlement Agreement and Release, including a full release of claims that will prevent you from separately suing Defendants and their agents.

## TO EXCLUDE YOURSELF FROM THE SETTLEMENT

You have the right to exclude yourself from the Settlement Class and the settlement. If you wish to be excluded, you must complete and send a written Request for Exclusion, containing your name, address, signature, and a statement that you meet the criteria of the Settlement Class but wish to be excluded from the Settlement Class, postmarked no later than _____, 2011, to the Claims Administrator at the following address, with copies sent to Class Counsel and Defendant's Counsel:

Claims Administrator:

[address]

Class Counsel:

Daniel Gaines, Esq.
Gaines & Gaines, APLC
21550 Oxford Street, Suite 980
Woodland Hills, California 91367

Defendants' Counsel:

Edward D. Totino, Esq.
DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
Los Angeles, California 90067
Attorneys for Stream International, Inc.

-and-

Trenton H. Norris, Esq.
Arnold & Porter LLP
One Embarcadero Center, 22nd Floor
San Francisco, California 94111
Attorneys for Sirius XM Radio Inc.

A short statement of your reason for wanting to be excluded from the Settlement Class is also requested, but it is not required for your request to be valid. If you timely and validly request exclusion from the Settlement Class, you will be excluded from the

Settlement Class, you will receive none of the Settlement Amount, and you will not be bound by the judgment entered in the action.

## TO OBJECT TO THE SETTLEMENT

If you wish to object to the settlement, you must file a written objection and/or a notice of intention to appear with the Court, and serve such objection and/or notice upon Class Counsel and Defendants' Counsel at the addresses set forth above. Any written objections and/or notice must state, in clear and concise terms, the legal and factual arguments supporting the objection, and must include proof of membership in the Settlement Class. If your objection is rejected, you will be bound by the final judgment as if you had not objected.

To be considered, the notice and objection papers must be received by the Court and delivered or postmarked to Class Counsel and Defendants' Counsel no later than _____, 2011. Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and will not be entitled to be heard at the settlement approval hearing. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your personal attorneys' fees and costs.

## ADDITIONAL INFORMATION

The full terms of the settlement are in the Amended Settlement Agreement and Release on file with the Clerk of the Court, and available on the website of the Claims Administrator at [insert website link]. Other filings with the Court may also be available on this website. The Amended Settlement Agreement and Release shall govern where there is any conflict between it and this Notice.

This description of the action is general and does not cover all of the issues and proceedings thus far. In order to see the complete file including the individual terms of the settlement, you should visit the office of the Clerk of the Court. The Clerk will inform you as to how to obtain the file relating to this lawsuit for inspection and copying at your own expense.

## NOTICE OF COURT HEARING

The Settlement is subject to final Court approval and a hearing for that purpose has been scheduled for _____, 2011 at 1:30 p.m. before the Honorable Valerie Baker Fairbank in Courtroom 9 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California, 90012 ("the Final Fairness and Approval Hearing"). You are currently represented by Representative Plaintiff's counsel, Kenneth S. Gaines, Esq., and Daniel F. Gaines, Esq., Gaines & Gaines, APLC, 21550 Oxnard Street, Suite 980, Woodland Hills, California, 91367, (818) 703-8985, Steven L. Miller, APLC, Steven L. Miller, Esq., 16133 Ventura Blvd., Suite 645, Encino, California, 91436, and Scott A. Miller, Esq., Law Offices of Scott A. Miller, APC, 16133 Ventura Blvd., Ste. 645, Encino, California, 91436, (818) 788-8081 ("Class Counsel"), but may retain your own counsel, if you choose, at your own expense. At the Final Fairness and Approval Hearing, Class Counsel will ask the Court to enter an Order finally approving the settlement and entering judgment. Class Counsel will also apply for an award of attorneys' fees not to exceed Two Million Dollars ($2,000,000) plus reimbursement of costs in an amount not to exceed $20,000, which will be paid from the Common Fund, and an incentive payment of $10,000 to the Representative Plaintiff that will be paid from the Settlement Amount.

YOU MAY CONTACT THE CLAIMS ADMINISTRATOR WITH ANY QUESTIONS AT [TOLL FREE NUMBER].  YOU MAY REQUEST A COPY OF THE COMPLAINT, THE SETTLEMENT AGREEMENT AND RELEASE, OR ANY OTHER FILING IN THE LAWSUIT.  YOU MAY ALSO VIEW THE FILES FOR THE CASE BY VISITING THE COURT CLERK'S OFFICE.

**<u>PLEASE DO NOT CONTACT THE COURT</u>**
**<u>OR DEFENSE COUNSEL WITH ANY QUESTIONS</u>**

# Exhibit 2

| KAMBIZ BATMANGHELICH, et al v. SIRIUS XM RADIO INC.  AND STREAM INTERNATIONAL, INC. | United States District Court for the Central District of California Case No.  CV 09-9190 VBF(JCx) NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION |

## ATTENTION ALL PERSONS IN CALIFORNIA, FLORIDA, MARYLAND, NEVADA, AND NEW HAMPSHIRE WHO HAD TELEPHONE CALLS WITH SIRIUS  SATELLITE RADIO OR XM SATELLITE RADIO

There is now pending in the United States District Court for the Central District of California ("Court") a lawsuit entitled *Kambiz Batmanghelich, et al. v. Sirius XM Radio Inc. and Stream International, Inc.*, Case No. CV-09-9190 VBF(JCx), which involves allegations that telephone calls with Sirius XM Radio Inc. ("Sirius XM") that were handled by Sirius XM's customer care provider Stream International, Inc. ("Stream") (Stream and Sirius XM, collectively, "Defendants"), were monitored and/or recorded without providing notice that the calls may be monitored or recorded.  Defendants have denied and continue to deny any liability, and there has been no finding that Defendants have violated any laws.

A Settlement has been reached.  If you meet the criteria below, you may be a member of the Settlement Class and entitled to file a claim for monetary recovery.

This Notice is only a summary.  You can obtain the full class action notice, which explains the Settlement and your rights under it, by visiting [website].

## THE CLASS AND THE SETTLEMENT

You are a Class Member and a proposed class action settlement ("Settlement") could affect your legal rights if you were in California, Florida, Maryland, Nevada, or New Hampshire and

(a) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or

(b) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or

(c) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009, to discuss music royalty fees or cancelling your XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored (the "Settlement Class").

Without admitting liability, Nine Million Four Hundred Eighty Thousand Dollars ($9,480,000) will be paid to settle the case which, less any attorneys' fees and costs awarded by the Court to Class Counsel, as well as the costs of class notice and claims administration which are expected to be approximately $450,000, will be the Settlement Amount.  Subject to approval by the Court, each member of the Settlement Class who

does not request exclusion from the class and who submits a valid claim as described below shall be entitled to a portion of the Settlement Amount. The actual amount received by each Class Member will depend on the number of claims submitted and approved from each of the various States and will be determined by a formula set forth in the full description of the Settlement, which may be obtained by visiting [website].

## HOW TO MAKE A CLAIM

If you are a Class Member and wish to receive a portion of the Settlement Funds, you must fill out and submit a valid Claim Form at the following website: [website]. This must be done no later than     , 2011.

## FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class. All Class Members who submit valid claims, and all Class Members who do not validly and timely request to be excluded from the proposed settlement, shall be subject to a binding judgment in favor of Defendants. All such Class Members shall be forever barred from prosecuting their own lawsuits and shall be deemed to have released Defendants and their agents from all claims, causes of action or losses of any kind whatsoever relating to the monitoring and/or recording of telephone calls which any Class Member has or may claim to have against such persons which are based upon, arise out of, or in any way relate to any of the acts, omissions or other conduct that were or could have been alleged or otherwise referred to in the action.

## NOTICE OF COURT HEARING

The Honorable Valerie Baker Fairbank of the United States District Court for the Central District of California will hold a hearing on     , 2011 at 1:30 p.m., in Courtroom 9 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California, 90012, to consider whether to grant final approval to the proposed Settlement including Class Counsel's request for attorneys' fees and costs in an amount not to exceed $2,000,000 plus costs incurred in an amount not to exceed $20,000, and an incentive payment of $10,000 to the representative plaintiff Kambiz Batmanghelich. You have the right to appear at the hearing, although you do not have to.

You may comment on, or object to, the terms of the proposed settlement by     , 2011. The full notice describes how to submit comments or objections.

## TO EXCLUDE YOURSELF FROM THE SETTLEMENT

If you do not wish to participate in or be bound by the proposed Settlement, you must exclude yourself as described in the full notice, by     , 2011, or you will be barred from prosecuting any legal action against Defendants related to settled claims. If you exclude yourself, you may NOT file a claim and you will not receive compensation under the Settlement.

To view the full notice or fill out the claim form, please visit [website].

## PLEASE DO NOT CONTACT THE COURT OR DEFENSE COUNSEL WITH ANY QUESTIONS

# Exhibit 3

| | |
|---|---|
| KAMBIZ BATMANGHELICH, et al v.<br>SIRIUS XM RADIO INC.  AND STREAM<br>INTERNATIONAL, INC. | United States District Court for the Central District<br>of California, Case No.  CV 09-9190 VBF(JCx)<br><br>**NOTICE OF PENDENCY AND SETTLEMENT<br>OF CLASS ACTION** |

### ATTENTION ALL PERSONS IN CALIFORNIA, FLORIDA, MARYLAND,  NEVADA, AND NEW HAMPSHIRE,WHO HAD TELEPHONE CALLS WITH  SIRIUS  SATELLITE RADIO OR XM SATELLITE RADIO

There is now pending in the United States District Court for the Central District of California ("Court") a lawsuit entitled *Kambiz Batmanghelich, et al. v. Sirius XM Radio Inc. and Stream International, Inc.*, Case No. CV-09-9190 VBF(JCx), which involves allegations that telephone calls with Sirius XM Radio Inc. ("Sirius XM") that were handled by Sirius XM's customer care provider Stream International, Inc. ("Stream") (Stream and Sirius XM, collectively, "Defendants"), were monitored and/or recorded without providing notice that the calls may be monitored or recorded.  Defendants have denied and continue to deny any liability, and there has been no finding that Defendants have violated any laws.

A Settlement has been reached.  If you meet the criteria below, you may be a member of the Settlement Class and entitled to file a claim for monetary recovery.

This Notice is only a summary.  You can obtain the full class action notice, which explains the Settlement and your rights under it, by visiting [website].

### THE CLASS AND THE SETTLEMENT

You are a Class Member and a proposed class action settlement ("Settlement") could affect your legal rights if you were in California, Florida, Maryland, Nevada, or New Hampshire and

    (a) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or

    (b) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or

    (c) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009, to discuss music royalty fees or cancelling your XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored (the "Settlement Class").

Without admitting liability, Nine Million Four Hundred Eighty Thousand Dollars ($9,480,000) will be paid to settle the case which, less any attorneys' fees and costs awarded by the Court to Class Counsel, as well as the costs of class notice and claims administration which are expected to be approximately $450,000, will be the Settlement Amount.  Subject to approval by the Court, each member of the Settlement Class who does not request exclusion from the class and who submits a valid claim as described below shall be entitled to a portion of the Settlement Amount.  The actual amount received by each Class Member will depend on the number of claims submitted and approved from each of the various States and will be

determined by a formula set forth in the full description of the Settlement, which may be obtained by visiting [website].

### HOW TO MAKE A CLAIM

If you are a Class Member and wish to receive a portion of the Settlement Amount, you must fill out and submit a valid Claim Form at the following website: [website]. This must be done no later than _____, 2011.

### FINAL JUDGMENT AND RELEASE OF ALL CLAIMS

If the Court approves the proposed settlement, it will enter a final judgment in the action on the merits as to all Class Members who do not request to be excluded from the Settlement Class. All Class Members who submit valid claims, and all Class Members who do not validly and timely request to be excluded from the proposed settlement, shall be subject to a binding judgment in favor of Defendants.

### NOTICE OF COURT HEARING

United States District Court Judge Valerie Baker Fairbank will hold a hearing on _____, 2011 at 1:30 p.m., in Courtroom 9 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California, 90012, to consider whether to grant final approval to the proposed Settlement including Class Counsel's request for attorneys' fees and costs in an amount not to exceed $2,000,000 plus costs incurred in an amount not to exceed $20,000, and an incentive payment of $10,000 to the representative plaintiff Kambiz Batmanghelich. You have the right to appear at the hearing, although you do not have to.

You may comment on, or object to, the terms of the proposed settlement by _____, 2011. The full notice describes how to submit comments or objections.

### TO EXCLUDE YOURSELF FROM THE SETTLEMENT

If you do not wish to participate in or be bound by the proposed Settlement, you must exclude yourself as described in the full notice, by _____, 2011, or you will be barred from prosecuting any legal action against Defendants related to settled claims. If you exclude yourself, you may NOT file a claim and you will not receive compensation under the Settlement.

To view the full notice or fill out the claim form, please visit [website].

### PLEASE DO NOT CONTACT THE COURT OR DEFENSE COUNSEL WITH ANY QUESTIONS

# Exhibit 4

## CLAIM FORM

*Kambiz Batmanghelich, and all those similarly situated v. Sirius XM Radio Inc. and Stream International, Inc.*

United States District Court for the Central District of California
Case No. CV 09-9190 VBF (JCx)

**IN ORDER FOR YOU TO RECEIVE PAYMENT
AS PART OF THE SETTLEMENT IN THE ABOVE ACTION,
YOU MUST COMPLETE THIS FORM AND SUBMIT IT
FOLLOWING THE PROCEDURES OUTLINED BELOW.**

**I.   Personal Information**.  Please provide the following information:

Name (first, middle and last): _____

Address: _____

City, State, Zip Code: _____

Email Address: _____

Telephone Number: _____

Social Security or Taxpayer I.D. Number: _____

Sirius Satellite Radio or XM Satellite Radio Account Number (if a customer):

_____

**Please note:**  If you provide incomplete, incorrect, or inaccurate information, your claim may be denied.  The information you provide above will be used for processing of your claim and will not be used or released for any other purpose.  Also note that your Social Security Number or Taxpayer I.D. Number is necessary for tax reporting purposes.

**II.   Claim Information**

**Please review the statements below and check the box and/or fill in the blanks as they apply to you.**

1.   ☐ I placed one or more telephone calls to, and spoke with a representative on behalf of, Sirius Satellite Radio during the period from July 13, 2006 through November 17, 2009.

AND/OR

☐ I received one or more telephone calls from, and spoke with a representative on behalf of, Sirius Satellite Radio during the period from July 13, 2006 through February 1, 2010.

AND/OR

☐ I placed one or more telephone calls to XM Satellite Radio during the period from January 25, 2009 through November 17, 2009 to discuss music royalty fees or cancelling my XM Satellite Radio subscription, and spoke with a representative on behalf of XM Satellite Radio.

2.    The telephone number or number(s) on the phone(s) I was using at the time of the telephone call(s) identified in No. 1, above, is/are the following:

_____

3.    The approximate dates of the telephone call(s) identified in No. 1, above, was/were:

_____

4.    At the time, I made or received the telephone call(s) identified in No. 1, above, I was located in the following State(s) (check all that apply): ☐ California; ☐ Florida; ☐ Maryland; ☐ Nevada; ☐ New Hampshire; ☐ Any other State.

5.    During each and every telephone call(s) identified in No. 1, above, I ☐ was ☐ was not notified that the call may monitored and/or be recorded.

BY MY SUBMISSION BELOW, **I HEREBY CERTIFY, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, THE STATE OF CALIFORNIA AND THE STATE OF MY RESIDENCE, THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT.**

☐ By checking this box and clicking "Submit" below, I acknowledge that I have read, understand, and agree to be bound by the conditions of this Claim Form.

**{SUBMIT}**

*End*