KENNETH S. GAINES, ESQ. SBN 049045
ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
**GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
Woodland Hills, CA 91367
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

SCOTT A. MILLER, ESQ. SBN 230322
scott.miller@smillerlawoffices.com
**LAW OFFICES OF SCOTT A. MILLER, APC**
STEVEN L. MILLER, ESQ. SBN 106023
stevenlmiller@sbcglobal.net
**STEVEN L. MILLER, APLC**
16133 Ventura Blvd., Ste. 645
Encino, CA 91436
Telephone: (818) 788 8081
Facsimile: (818) 788 8080

Attorneys for Plaintiff Kambiz Batmanghelich

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KAMBIZ BATMANGHELICH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO, INC., a Delaware corporation, STREAM INTERNATIONAL INC., a Delaware corporation, and DOES 3 through 50, inclusive,<br><br>Defendants. | CASE NO.: CV 09-9190 VBF(JCx)<br><br>**FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1) INVASION OF PRIVACY<br>2) NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kambiz Batmanghelich ("BATMANGHELICH" or "Plaintiff"), an individual, on behalf of himself and on behalf of all others similarly situated, hereby alleges as follows:

-1-

FOURTH AMENDED CLASS ACTION COMPLAINT

# INTRODUCTION

1. This case was removed from the Superior Court of Los Angeles County.

2. The Superior Court had jurisdiction over the claims alleged herein pursuant to *California Penal Code* § 630 *et. seq.*

3. By this amended complaint, BATMANGHELICH substitutes as a defendant Stream International Inc. for the fictitiously named defendant DOE 1.

4. Defendant Sirius XM Radio, Inc. ("SIRIUS") provides its customers with satellite radio service. Plaintiff is informed and believes, and based thereon alleges, that Defendant Stream International Inc. ("STREAM") is a call center operations company which is and was contracted by SIRIUS to perform inbound and outbound call center operations on behalf of SIRIUS. Unless otherwise noted, SIRIUS, STREAM, and Does 3 through 50, inclusive, are hereinafter collectively referred to as "Defendants."

5. Without informing customers or obtaining their consent and permission to do so, Defendants engaged in a practice of monitoring, recording, and/or conveying personal identifying information obtained during phone conversations with SIRIUS' customers, including BATMANGHELICH.

6. During the course of his conversations with Defendants, BATMANGHELICH disclosed sensitive personal identifying information and confidential financial information.

7. Defendants' practice of monitoring, recording and/or eavesdropping on consumers' telephone conversations with their employees violated *California Penal Code* § 630 *et seq.*.

8. Plaintiff is a member of a class whose telephone conversations with certain employees of Defendants were, without the knowledge or consent of the Plaintiff and class members, eavesdropped upon, bugged, wiretapped, and/or

-2-

FOURTH AMENDED CLASS ACTION COMPLAINT

recorded by one or more of the Defendants.

9. Plaintiff brings this action as a class action seeking all appropriate damages and remedies available to him and members of the class proposed herein.

10. All allegations in this complaint are based upon information and belief except for those allegations which pertain to BATMANGHELICH and his counsel. BATMANGHELICH's information and belief is based upon, *inter alia*, an investigation conducted to date by BATMANGHELICH and his counsel.

## THE PARTIES

11. Plaintiff BATMANGHELICH is an individual and a resident of the County of Los Angeles, State of California. BATMANGHELICH had telephonic communications with certain employees, officers, and/or directors of SIRIUS and/or STREAM. BATMANGHELICH is informed and believes, and based thereon alleges, that each of these conversations referenced herein was, without BATMANGHELICH's knowledge or consent, bugged, recorded, wiretapped, and/or eavesdropped upon by Defendants, and each of them, all to BATMANGHELICH's harm and damage.

12. BATMANGHELICH is informed and believes, and based thereon alleges, that SIRIUS is a corporation organized under the laws of Delaware, legally operating and authorized to so legally operate and conduct business under the laws of the State of Delaware.

13. Plaintiff is informed, believes, and thereupon alleges that Defendant SIRIUS has its principal place of business in New York.

14. BATMANGHELICH is informed and believes, and based thereon alleges, that STREAM is a corporation organized under the laws of Delaware, legally operating and authorized to so legally operate and conduct business under the laws of the State of Delaware.

15. Plaintiff is informed, believes, and thereupon alleges that Defendant

1  STREAM has its principal place of business in Massachusetts.

2  16. Plaintiff is informed and believes, and based thereon alleges, that the wrongful acts alleged herein by SIRIUS and STREAM were performed or occurred in the County of Los Angeles, State of California.

3  17. BATMANGHELICH is further informed and believes, and based thereon alleges, that additional calls have been bugged, recorded, wiretapped, and/or eavesdropped upon by Defendants, and each of them, without BATMANGHELICH's and proposed class members' consent, originating from various locations within the State of California.

4  18. The true names and/or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 3 through 50 inclusive, and each them, are unknown to BATMANGHELICH, who therefore sues said Defendants by such fictitious names. BATMANGHELICH is informed and believes, and upon such information and belief hereby alleges, that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other manner, for the events and happenings hereinafter referred to and proximately caused the damages to Plaintiff and proposed class members as hereinafter alleged. BATMANGHELICH will seek leave of Court to amend this Complaint to insert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

5  19. Plaintiff is informed, believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including DOES 3 through 50, inclusive, were the agents, servant, employees, and/or joint venturers of their Co-Defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or venture, and with the knowledge, consent, permission, and/or ratification of each other, and that each Defendant, as aforesaid, when acting as alleged herein, acted in concert to commit the acts complained of herein and to

-4-

engage in a course of conduct in the business practices complained of herein.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20. BATMANGHELICH is informed and believes, and based thereon alleges, that at all times pertinent herein, Defendants maintained call centers located throughout the United States, and throughout the world, which SIRIUS' consumers were prompted to telephone to activate, terminate, modify, inquire about, or otherwise assess their satellite radio service provided by SIRIUS.

21. Defendants' employees at these call centers received incoming calls from consumers and placed outgoing calls to consumers who resided in California.

22. BATMANGHELICH is informed and believes, and based thereon alleges, that Defendants had a policy and practice of recording and/or monitoring these telephone conversations with California consumers.

23. BATMANGHELICH is informed and believes, and based thereon alleges, that Defendants' employees at these call center were directed, trained and instructed to, and did, record, monitor and/or eavesdrop upon these telephone conversations with California consumers.

24. Defendants installed and/or caused to be installed certain wiretapping, eavesdropping and bugging equipment in Defendants' telephone lines. BATMANGHELICH is informed and believes, and based thereon alleges, that all these devices were maintained and utilized to overhear, record and bug each and every telephone conversation on said telephone lines.

25. BATMANGHELICH is informed and believes, and based thereon alleges, that these calls were recorded, monitored and/or eavesdropped upon without knowledge or consent of consumers.

26. BATMANGHELICH was never informed that his calls to Defendants were being recorded and/or monitored.

27. During the course of these telephone conversations with employees of

Defendants, BATMANGHELICH revealed sensitive, private, and confidential information, including personal and financial information. Plaintiff did so with a reasonable expectation of privacy in those telephone conversations.

28. The wiretapping, bugging, and eavesdropping equipment mentioned herein was used to listen to the telephone conversations of the Plaintiff and proposed class members; this violated *California Penal Code* §§ 630 *et seq.*

29. On or about October 1, 2009, Plaintiff BATMANGHELICH placed a telephone call to SIRIUS from the State of California to establish satellite radio service. During that call, BATMANGHELICH spoke to an employee of SIRIUS and/or STREAM, and in doing so he disclosed personal identifying and financial information.

30. At no time during that conversation was BATMANGHELICH informed by SIRIUS or STREAM, or by anyone, that his telephone call was being eavesdropped upon, wiretapped, recorded and/or monitored. At no time did BATMANGHELICH give consent for the telephone call to be eavesdropped upon, wiretapped, recorded and/or monitored.

31. BATMANGHELICH had a reasonable expectation that the telephone conversation was, and would remain, private and confidential, and he did not expect that his telephone communications with Defendants were being overheard or recorded by anyone else. Such recording and/or monitoring was and is highly offensive to BATMANGHELICH and would be highly offensive to a reasonable person, including members of the class proposed herein.

32. BATMANGHELICH was thereafter advised that telephone conversations between Defendants and their consumers, including those telephone conversations with BATMANGHELICH, are recorded.

33. BATMANGHELICH is a victim of the unfair business practices of Defendants.

-6-

**FOURTH AMENDED CLASS ACTION COMPLAINT**

## CLASS ACTION ALLEGATIONS

34. BATMANGHELICH brings this action on behalf of himself and all others similarly situated. This suit is properly maintainable as a class action pursuant to F.R.Civ. P. 23(a) and (b)(1), (b)(2) and/or (b)(3). Plaintiff seeks to represent a class (the "Class") composed of and defined as follows:

> All persons in California, Florida, Maryland, Nevada, and New Hampshire (the "Covered States") who (1) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (2) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (3) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009 to discuss music royalty fees or cancelling their XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored.

35. Plaintiff reserves the right under Rule 3.765, *California Rules of Court*, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

36. This action has been brought and may properly be maintained as a class action under the provisions of F. R. Civ. P. 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

37. The potential members of the proposed Class as defined are so numerous that joinder of all the members of the proposed Class is impracticable. While the precise number of proposed Plaintiff Class members has not been determined at this time, BATMANGHELICH is informed and believes that the proposed class encompasses over one thousand members.

38. Plaintiff alleges Defendants' records will provide information as to the number and location of all proposed Plaintiff Class members. Joinder of all members of the proposed Class is not practicable.

### B. Commonality

39. There are questions of law and fact common to the proposed Class that predominate over any questions affecting only individual class members. These common questions of law and fact include, without limitation:

    a. Whether Defendants had a policy of wiretapping, eavesdropping, upon and/or monitoring consumers' incoming calls;

    b. Whether Defendants implemented their policy of wiretapping, eavesdropping upon and/or monitoring consumers' incoming calls;

    c. Whether Defendants' policy of wiretapping, eavesdropping upon and/or monitoring consumers' incoming calls constituted a violation of *California Penal Code* §§ 631(a), 632(a) and/or 637;

    d. Whether Defendants disclosed to incoming callers that their incoming telephone conversations were being wiretapped, eavesdropped upon and/or monitored;

    e. Whether Class members consented to Defendants' wiretapping,

-8-

eavesdropping upon and/or monitoring of such incoming calls;

f. Whether Defendants had a policy of wiretapping, eavesdropping upon and/or monitoring California consumers' outgoing calls;

g. Whether Defendants implemented its policy of wiretapping, eavesdropping upon and/or monitoring California consumers' outgoing calls;

h. Whether Defendants' policy of wiretapping, eavesdropping upon and/or monitoring California consumers' outgoing calls constituted a violation of *California Penal Code* §§ 631(a), 632(a) and/or 637;

i. Whether Defendants disclosed to outgoing California callers that their incoming telephone conversations were being wiretapped, eavesdropped upon and/or monitored;

j. Whether Class members consented to wiretapping, eavesdropping upon and/or monitoring of such outgoing calls; and

k. Whether the named Plaintiff and the Class are entitled to recover damages and the measure of such damages.

l. Whether the named Plaintiff and the Class are entitled to injunctive relief pursuant to *Penal Code* § 632.7(b).

### C. Typicality

40. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law, and statutes as alleged herein.

\\

-9-

**FOURTH AMENDED CLASS ACTION COMPLAINT**

### D. Adequacy of Representation

41. Plaintiff will fairly and adequately represent and protect the interests of the members of the proposed Class. Counsel who represents Plaintiff is competent and experienced in class action litigation.

### E. Superiority of Class Action

42. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Plaintiff Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

43. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FOR A FIRST CAUSE OF ACTION
## INVASION OF PRIVACY
### (PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

44. Plaintiff incorporates paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Defendants, and each of them, installed and/or caused to be installed certain wiretapping, eavesdropping and bugging equipment on their telephone lines.

46. Plaintiff is informed and believes, and based thereon alleges, that all these devices were maintained and utilized to overhear, record or bug each and every incoming and outgoing telephone conversation over said telephone lines.

-10-

47. The aforementioned wiretapping, bugging, and eavesdropping equipment was used to record and/or listen to the telephone conversations of BATMANGHELICH and members of the Class, all in violation of California Penal Code §§ 631(a), 632(a), and 632.6(a), Florida Statute § 934.03 *et seq.*, Maryland Courts and Judicial Procedure Code § 10-402 *et seq.*, Nevada Revised Statutes § 200.620 *et seq.*, and New Hampshire Revised Statutes § 570-A:2(I-a) *et seq.*

48. Plaintiff is informed and believes, and based thereon alleges, that each of the aforesaid telephone communications, and the recordings thereof, were disseminated by and between the Defendants, and each of them, all in violation of *California Penal Code § 637*.

49. At no time that these telephone conversations were taking place between Defendants and its employees, managers, officers and directors, on the one hand, and BATMANGHELICH and the members of the Class, on the other hand, did Defendants, or any of them, or any of their employees, managers, officers or directors, or any other person, inform BATMANGHELICH or any members of the Class that the interceptions, eavesdropping, wiretapping, bugging and recording of their telephone conversations were taking place, and at no time did BATMANGHELICH or any members of the Class consent to this activity.

50. Defendants, and each of them, knowing that it was unlawful and a violation of BATMANGHELICH's and the Class members' right to privacy, and a violation of *California Penal Code §§ 630 et seq.*, did intrude on BATMANGHELICH's and the Class members' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wiretapping, bugging and recording activities in connection with the telephone conversations between BATMANGHELICH and the Class members, on the one hand, and employees, managers, officers and directors of defendant SIRIUS, and all other defendants, on the other, all as aforementioned and alleged

-11-

**FOURTH AMENDED CLASS ACTION COMPLAINT**

herein above.

51. Based on the foregoing, BATMANGHELICH and members of the Class are entitled to their statutory remedies and damages including but not limited to those set forth in *California Penal Code* § 637.2, and injunctive relief pursuant to *California Penal Code* § 637.2(b).

Wherefore, BATMANGHELICH and the Class he seeks to represent requests relief as described below.

## FOR A SECOND CAUSE OF ACTION
## NEGLIGENCE
### (PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

52. Plaintiff incorporates paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. Defendants, and each of them, had various statutory and common law duties not to wiretap, eavesdrop upon, record and/or bug their telephone conversations with BATMANGHELICH and Class members without first disclosing to them that their telephone conversations were being recorded.

54. Defendants, and each of them, negligently and recklessly engaged in the aforementioned eavesdropping, wiretapping, recording and bugging activities of BATMANGHELICH and the members of the Class. This led to the statutory and common law rights of privacy of BATMANGHELICH and Class members' being invaded, violated, and breached.

55. The unlawful activities of Defendants, and each of them, as alleged in this cause of action and in this complaint, were the cause in fact and proximate cause of actual, statutorily-imposed and/or demonstrable damages to BATMANGHELICH and the members of the Class. Such damages were proximately caused by Defendants' eavesdropping, wiretapping, recording and bugging of telephone conversations with BATMANGHELICH and Class members

-12-

without first notifying BATMANGHELICH and Class members that their telephone conversations were being recorded.

56. Based on the foregoing, BATMANGHELICH and members of the Class suffered damage as a result of the conduct of Defendants, and each of them.

Wherefore, BATMANGHELICH and the Class he seeks to represent requests relief as described below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying this matter as a class action;
b. An order naming counsel herein as Class counsel;
c. Consequential damages or statutory damages pursuant to California Penal Code § 637.2, Florida Statute § 934.10, Maryland Courts and Judicial Procedure Code § 10-410(a), Nevada Revised Statutes § 200.690(1)(b), and New Hampshire Revised Statutes § 570-A:11.
d. Economic damages;
e. Non-economic damages;
f. Costs of suit incurred herein;
g. Any and all prejudgement interest permitted by law;
h. Such further relief, costs and damages the Court deems proper.
i. For injunctive relief pursuant to *California Penal Code §  637.2(b)*, enjoining Defendants and their respective successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in conduct violative of *Penal Code § 630 et. seq.*

\\
\\

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: March 9, 2011

Respectfully submitted,

GAINES & GAINES
A Professional Law Corporation

By: _____
KENNETH S. GAINES
DANIEL F. GAINES
Attorney for Plaintiff

-14-

FOURTH AMENDED CLASS ACTION COMPLAINT