John W. Davis, State Bar #200113
john@johnwdavis.com
LAW OFFICE OF JOHN W. DAVIS
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorney for Objector
Dave Denny

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KAMBIZ BATMANGHELICH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIRIUS XM RADIO INC. and STREAM INTERNATIONAL, INC. <br><br> Defendants. | **CASE NO.  CV 09-9190 VBF(JCx)** <br><br> **OBJECTION TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR** <br><br> Date:      September 12, 2011 <br> Time:     1:30 p.m. <br> Judge:    Hon. Valerie Baker Fairbank <br> Courtroom: Dept. 9 <br>           312 N. Spring St. <br>           Los Angeles, CA  90012 |

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................. 1

II. THE RELIEF OFFERED IS INADEQUATE IN LIGHT OF AVAILABLE
     STATUTORY DAMAGES ................................................................... 2

III. THE INTERESTS OF THE LEAD PLAINTIFF ARE NOT ALLIGNED
     WITH THOSE OF ABSENT CLASS MEMBERS IN LIGHT OF
     THE EXCESSIVE "INCENTIVE" PAYMENT ................................... 4

IV. REQUESTED ATTORNEYS' FEES ARE EXCESSIVE ................................ 6

  A.    NO PERSUASIVE REASON EXISTS FOR ABANDONING THE
       LODESTAR  ANALYSIS IN FAVOR OF THE PERCENTAGE
       METHOD. ............................................................................. 7

    1.    NO SINGLE METHOD OF FEE CALCULATION IS APPROPRIATE
       IN ALL CASES ...................................................................... 7

  B.    IT IS NOT AN ABUSE OF DISCRETION FOR THIS COURT TO APPLY
       THE LODESTAR METHOD SIMPLY BECAUSE CLASS COUNSEL
       PREFER THAT THE COURT FOLLOW THE PERCENTAGE OF
       RECOVERY APPROACH. ......................................................... 9

V. THE CLAIM PROCESS IS AN UNREASONABLE BARRIER TO
     RECOVERY AND THE RELEASE IS OVERLY BROAD .......................... 9

VI. THE NOTICE TO CLASS MEMBERS IS *INTER ALIA* CONFUSING AND
     PROVIDES INSUFFICIENT INFORMATION CONCERNING THE
     CLAIMS PROCESS ...................................................................... 10

VII. THE MERE RIGHT FOR CLASS MEMBERS TO REQUEST EXCLUSION
     DOES NOT MITIGATE THE INADEQUATE RELIEF OFFERED TO
     CLASS MEMBERS ...................................................................... 11

VIII.  ADDITIONAL OBJECTIONS ................................................................ 11

IX.  CONCLUSION ................................................................................... 11

1

# TABLE OF AUTHORITIES

2

3 **Cases**

4 *Amchem Prods., Inc. v. Windsor*
5     521 U.S. 591 (1997) ................................................................. 1

6 *Clark v. American Residential Services, LLC*
7     175 Cal. App. 4th 785 (2009). ................................................. 5

8 *Class Plaintiffs v. Seattle*
9     955 F.2d 1268 (9th Cir. 1992) .................................................. 1

10 *Cook v. Niedert*
11    42 F.3d 1004 (7th Cir. 1998) .................................................... 5

12 *Grunin v. Intl. House of Pancakes*
13    513 F.2d 114 (8th Cir. 1975) .................................................... 9

14 *Hanlon v. Chrysler Corp.*
15    150 F.3d 1011 (9th Cir. 1998) ............................................... 1, 8

16 *Holmes v. Continental Can Co.*
17    706 F.2d 1144 (11th Cir. 1983) ................................................ 5

18 *In re Cendant Corp., Derivative Action Litigation*
19    232 F. Supp. 2d 327 (D.N.J. 2002) .......................................... 2

20 *In re Coordinated Pretrial Proc. in Petroleum Antitrust Litig.*
21    109 F.3d 602 (1997) ................................................................. 7

22 *In re Superior Beverage/Glass Container*
23    133 F.R.D. 119 (N.D. Ill. 1990) .............................................. 9

24 *In re Wash. Pub. Power Supp. Sys. Sec. Litig.*
25    19 F.3d 1291 (9th Cir. 1994) ................................................. 7, 8

26 *Kullar v. Foot Locker Retail, Inc.*
27    168 Cal. App. 4th 116 (2008) .................................................. 2

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Lerwill v. Inflight Motion Pictures, Inc.*
   582 F.2d 507 (9th Cir. 1978) ........................................................................ 6

*Molski v. Gleich*
   318 F.3d 937 (2003) .................................................................................. 10

*Nat'l Assoc. of Reg'l Med. Programs, Inc. v. Mathews*
   551 F.2d 340 (D.C. Cir. 1976) ...................................................................... 6

*Ortiz v. Fibreboard Corp.*
   527 U.S. 815 (1999) .................................................................................. 11

*Paul, Johnson, Alston & Hunt v. Graulty*
   886 F.2d 268 (9th Cir. 1989) ........................................................................ 7

*Pettway v. American Cast Iron Pipe Co.*
   576 F.2d 1157 (5th Cir.1978) ........................................................................ 1

*Powers v. Eichen*
   229 F.3d 1249 (9th Cir. 2000) ........................................................................ 8

*Six (6) Mexican Workers v. Arizona Citrus Growers*
   904 F.2d 1301 (9th Cir. 1990) ........................................................................ 7

*State of Florida v. Dunne*
   915 F.2d 542 (9th Cir. 1990) ........................................................................ 8

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ................................................ 4, 7

*Van Vranken v. Atlantic Richfield Co.*
   901 F. Supp. 294 (N.D. Cal. 1995) ............................................................... 6, 8

*Weseley v. Spear, Leeds & Kellogg*
   711 F. Supp. 713 (E.D.N.Y. 1989) .................................................................. 4

*Women's Comm. for Equal Employment Opportunity v. Nat'l Broad. Co.*
   76 F.R.D. 173 (S.D.N.Y. 1977) ...................................................................... 4

**Statutes**

California Penal Code section 637.2 ............................................................2

Fla. Stat. Ann. § 934.03 ............................................................................2

Md Cts. & Jud. Proc. Code Ann. § 10-402(a) ...........................................2

Nev. Rev. Stat. § 200.620 ...........................................................................2

NH Rev. Stat. Ann. § 570-A:2.....................................................................2

**Rules**

Federal Rule of Civil Procedure 23(e).......................................................1

**Treatises**

Alba Conte & Herbert Newberg, Newberg on Class Actions § 3:23 (4th ed. 2002)..6

Wright & Miller, Federal Practice and Procedure (3d ed.), Civil § 1797 ..................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLEASE TAKE NOTICE** that class member Dave Denny ("Objector"), by and through his undersigned counsel, intends to appear and be heard at the fairness hearing on September 12, 2011 at 1:30 p.m. in Department 9 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California  90012, to discuss the following objections:

## I.  <u>INTRODUCTION</u>

Class action settlements require court approval for the protection of those class members whose rights may not have been given due regard by the negotiating parties.   Federal Rule of Civil Procedure 23(e) requires court approval for the settlement of any class action.  A settlement should be approved only if "it is fundamentally fair, adequate and reasonable."  *Class Plaintiffs v. Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), *cert. denied,* 506 U.S. 953 (1992).

Particularly close scrutiny is required under Rule 23(e) when the proposed settlement has been negotiated prior to class certification.  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997) (holding that the rights of absent class members "demand undiluted, even heightened, attention in the settlement context");  *see also Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1169 (5th Cir.1978) (Pettway IV), *cert. denied*, 439 U.S. 1115 (1979) (the class action settlement process is "more susceptible than adversarial adjudications to certain types of abuse.").

As guardian of absent class members, the Court should independently evaluate the evidence in finding that the proposed *Amended Settlement Agreement and Release* ("Settlement Agreement") is "fair, adequate and reasonable."  *See, e.g., Kullar v. Foot Locker Retail, Inc*., 168 Cal. App. 4th 116, 128 (2008).  The parties seeking approval bear the burden of demonstrating the settlement's fairness.  Wright & Miller, Federal Practice and Procedure (3d ed.), Civil § 1797.  *See also In re Cendant Corp., Derivative Action Litigation,* 232 F. Supp. 2d 327 (D.N.J. 2002).  They have failed to meet this burden.

## II.  THE RELIEF OFFERED IS INADEQUATE IN LIGHT OF AVAILABLE STATUTORY DAMAGES

California Penal Code section 637.2 provides for damages of $5,000 for each unlawful recording.  The laws of Nevada, Florida, Maryland, and New Hampshire each provide for minimum statutory damages of $1,000 (or $100 a day for each day of violation, whichever is higher), punitive damages, and the recovery of attorneys' fees and costs.[1]  Notably, the Settlement Agreement provides California class members with relief worth up to $5000, and provides up to $1000 for class members whose calls were recorded in one of the other "Covered States" (Covered States include California, Florida, Maryland, Nevada, and New Hampshire).[2]

Upon cursory review, this looks like a stellar deal offering class members up

---

[1] Fla. Stat. Ann. § 934.03(1) *et seq*. (Florida); Md Cts. & Jud. Proc. Code Ann. § 10-402(a) *et seq*. (Maryland); Nev. Rev. Stat. § 200.620 *et seq.* (Nevada); NH Rev. Stat. Ann. § 570-A:2 *et seq*. (New Hampshire).
[2] Settlement Agreement §§ 3.4 -3.5

to 100% of their damages.  However, closer scrutiny reveals that, in fact, class members will recover only a fraction of their statutory damages under the proposed settlement.  For example, with regard to the California claims, as of July 19, 2011, 8,006 California class members had submitted claims.  *See* Declaration of Jennifer Keough, ¶ 2.  [Doc. 72-15].  Accordingly, the California claims alone are worth at least $40,030,000.00.  Similarly, as of July 19, 2011, the claims administrator had received 7,151 claims from non-California class members amounting to an additional $7,151,000 in potential damages.  *Id.*  Moreover, notwithstanding the claims period has yet to expire, it appears that damages could substantially exceed the aforementioned values given that the Settlement Agreement and Notice of Class Action Settlement ("Notice") are unclear as to whether class members are limited to receiving the same amount regardless of whether they made or received a single call or multiple calls. *See, e.g.,* Settlement Agreement, Exhibit A.

Even if we assume each class member only made or received one phone call, the total minimum statutory damages amount to $47,181,000.00 based just on the claims received as of July 19, 2011.  When we view the proposed $9,480,000.00 common fund in that context, the inadequacy of relief becomes clear – particularly considering that attorneys' fees, costs, and the lead plaintiff's "incentive award" will be deducted from the fund prior to any distribution to the class.  Such a result is not fair, adequate, or reasonable, and certainly does not justify the 3.2 multiplier sought by class counsel.  The disparity between the aggregate value of class claims and the

value of the common fund suggests, at best, that class counsel did not fully investigate the class size and attendant claims and; at worst, suggests collusion and that the proposed settlement is an example of the named plaintiff and his counsel putting their interests ahead of the absent class members they purport to represent.

## III.   THE INTERESTS OF THE LEAD PLAINTIFF ARE NOT ALLIGNED WITH THOSE OF ABSENT CLASS MEMBERS IN LIGHT OF THE EXCESSIVE "INCENTIVE" PAYMENT

The lead plaintiff in this action seeks an "incentive award" of $10,000.  While it may be appropriate in certain circumstances to provide an incentive award to lead plaintiffs, such awards are generally modest in both frequency and amount. Excessive payments to named class members can be an indication that the agreement was reached through fraud or collusion.  *Staton v. Boeing Co.*, 327 F.3d 938, 975 (9th Cir. 2003).  Indeed, "[i]f class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard."  *Weseley v. Spear, Leeds & Kellogg*, 711 F. Supp. 713, 720 (E.D.N.Y. 1989); *see also Women's Comm. for Equal Employment Opportunity v. Nat'l Broad. Co*., 76 F.R.D. 173, 180 (S.D.N.Y. 1977) ("[W]hen representative plaintiffs make what amounts to a separate peace with defendants, grave problems of collusion are raised.").

The lead plaintiff in this case appears to have taken a potentially conflicting

position with absent class members as evidenced by the disparity in the requested incentive award.  Accordingly, this Court should carefully scrutinize whether the lead plaintiff, along with class counsel, is inadequate with respect to representing this class.  The Court may also wish to consider whether the class may need to be bifurcated into subclasses corresponding to the different "Covered States" so as to promote substantial justice.

There is no "presumption of fairness" as to the amount of an enhancement. *See, e.g., Clark v. American Residential Services, LLC*, 175 Cal. App. 4th 785, 806 (2009).  Moreover, when a settlement explicitly provides for preferential treatment for the named plaintiff(s) in a class action, a substantial burden falls upon the proponents of the settlement to demonstrate and document its fairness." *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983).  Factors that the Court might consider in reviewing the requested incentive award include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *Cook v. Niedert,* 42 F.3d 1004, 1016 (7th Cir. 1998).   Federal district courts have identified other factors as well, including "the risk to the class representative in commencing suit, both financial and otherwise," "the notoriety and personal difficulties encountered by the class representative," the duration of the litigation, and "the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Richfield*

*Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995).

In order for the lead plaintiff or class counsel to be adequate, they must not have interests which conflict with the unnamed class members.  A class representative's claims must not be inconsistent with those of the class.  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) (citing *Nat'l Assoc. of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340 (D.C. Cir. 1976); Alba Conte & Herbert Newberg, Newberg on Class Actions § 3:23 (4th ed. 2002).  By seeking inflated incentive awards and attorneys' fees, lead plaintiff and class counsel put their own interests ahead of the absent class members they purport to represent.  Accordingly, the Court should apply heightened scrutiny to the entire negotiated settlement.  At minimum, if the Court ultimately decides to approve the substantive settlement, fundamental fairness requires that the Court reduce the incentive award so that the savings may be properly allocated among all damaged class members.

## IV.  <u>REQUESTED ATTORNEYS' FEES ARE EXCESSIVE</u>

The class relief is inadequate in light of class counsel's requested fee.  The amount of requested attorneys' fees is an important factor in assessing the reasonableness of the class relief, since every dollar that goes to class counsel is a dollar less that is available to compensate class members.  Greater suspicions about the adequacy of the class relief are raised to the extent the parties agreed upon a fee.

The negotiation of a "clear sailing provision," whereby defendants agree not to challenge class counsel's request for attorneys' fees[3], triggers heightened scrutiny of the settlement's fairness because of the risk that class counsel may have bargained away valuable relief for the class in exchange for red carpet treatment on fees. *Staton v. Boeing Co.*, 327 F.3d 938, 979 (9th Cir. 2003).

A.     **NO PERSUASIVE REASON EXISTS FOR ABANDONING THE LODESTAR ANALYSIS IN FAVOR OF THE PERCENTAGE METHOD.**

1.     **NO SINGLE METHOD OF FEE CALCULATION IS APPROPRIATE IN ALL CASES**

"Reasonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *In re Coordinated Pretrial Proc. in Petroleum Antitrust Litig.*, 109 F.3d 602, 607 (1997) .

The Ninth Circuit has explicitly and repeatedly refused to mandate the use of the percentage of recovery method in common fund cases.[4] *In re Wash. Pub. Power Supp. Sys. Sec. Litig.*, 19 F.3d 1291, 1295-96 (9th Cir. 1994) (reaffirming the Ninth Circuit's "settled rule that either the lodestar or the percentage method 'may have its place in determining what would be

---

[3] Settlement Agreement ¶ 3.7(a).

[4] *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

reasonable compensation for creating a common fund'.") ("*WPPSS*"); see also *Hanlon*, 150 F.3d at 1029 ("In 'common fund' cases... the district court has discretion to use either a percentage or lodestar method."); *State of Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990) ("Despite the recent ground swell of support for mandating a percentage-of-the-fund approach in common fund cases, however, we require only that fee awards in common fund cases be reasonable under the circumstances.").

Indeed, the Ninth Circuit has also refused to apply even a presumption in favor of one method or the other.  Under "the law of the [Ninth Circuit], in common fund cases, no presumption in favor of either the percentage or the lodestar method encumbers the district court's discretion to choose one or the other."   *WPPSS* at 1296; *see also Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (authorizing use of either method "as long as the fee award is reasonable and the district court adequately explains its determination by written order or in open court."); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 296 (N.D. Cal. 1995) ("The Ninth Circuit has not expressed any explicit preference for either method so long as the ultimate fee award is reasonable under the circumstances.").

**B.      IT IS NOT AN ABUSE OF DISCRETION FOR THIS COURT TO APPLY THE LODESTAR METHOD SIMPLY BECAUSE CLASS COUNSEL PREFER THAT THE COURT FOLLOW THE PERCENTAGE OF RECOVERY APPROACH.**

The only fee award that could be considered reasonable under the circumstances is one that compensates class counsel for work that benefitted the class without negating such benefit in the process or creating a windfall for counsel.  *In re Superior Beverage/Glass Container*, 133 F.R.D. 119, 126 (N.D. Ill. 1990) (in no case should a fee award consume an untoward portion of the class recovery; what is left for the class after fees have been awarded is always of paramount consideration); *see also Grunin v. Intl. House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975), *cert. denied*, 423 U.S. 864 (1975) (the primary concern is to ensure that such awards reasonably compensate the attorneys for their services, and are not excessive, arbitrary or detrimental to the class).

## V.  THE CLAIM PROCESS IS AN UNREASONABLE BARRIER TO RECOVERY AND THE RELEASE IS OVERLY BROAD

The claim form is overly burdensome and unnecessarily acts as an artificial hurdle to minimize benefit utilization by absent class members.  Additionally, as discussed more fully below with regard to notice, the claim form creates confusion as to how benefits will be calculated and how claims will be evaluated.

Furthermore, class members whose claims are rejected should not be bound by the Settlement Agreement and Release.  *See* Settlement Agreement ¶ 8.9.  The

relief offered to class members must be commensurate with released claims,

particularly in light of broad release provisions. *Molski v. Gleich*, 318 F.3d 937, 942

(2003).  Accordingly, given the broad release provided by the proposed Settlement

Agreement, the Court should carefully scrutinize released claims and the

compensation (or lack thereof) provided to class members for releasing these claims.

## VI.   THE NOTICE TO CLASS MEMBERS IS *INTER ALIA* CONFUSING AND PROVIDES INSUFFICIENT INFORMATION CONCERNING THE CLAIMS PROCESS

The Notice fails to adequately advise class members what constitutes an

"Authorized Claimant" as defined in the Settlement Agreement, p. 4, ¶ 1(c).  It is

unclear how claims will be evaluated, who will evaluate claims, and what degree of

specificity will be required on the claim form so that the claim is not rejected.  For

example, the claim for asks for "approximate dates" of telephone calls.  If the

claimant recalls the week during which calls were made or received, but not the day,

is the claim valid?  What if the claimant can only recall the month in which calls

were made or received?  Is that a "valid claim?"  Moreover, the Notice and

Settlement Agreement are devoid of any instruction concerning what a class

member should do if his or her claim is rejected, or if there is an appeals process in

place to address disputed claims.  In fact, the Settlement Agreement specifically

precludes class members from challenging the validity of claims determination.[5]  In

---

[5] Settlement Agreement ¶ 17.1

light of these deficiencies, class members lack sufficient information concerning whether to participate in the settlement, opt-out and pursue their own individual remedy, or object to the settlement as proposed.

## VII.   THE MERE RIGHT FOR CLASS MEMBERS TO REQUEST EXCLUSION DOES NOT MITIGATE THE INADEQUATE RELIEF OFFERED TO CLASS MEMBERS

As representatives of the class, class counsel have a fiduciary duty to protect the interests of *all* class members at *all* stages of the case - but especially during settlement negotiations. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856 (1999). The opportunity to exclude oneself from the class cannot cure inadequate representation at any point. Nor does it permit a court to overlook such inadequacies when passing on the fairness of a proposed settlement. Notwithstanding the right to opt out, courts must carefully scrutinize class settlements to ensure that absent class members' rights are not lost, prejudiced, or sold out too cheaply through inadequate representation.

## VIII.   ADDITIONAL OBJECTIONS

Objector hereby adopts and incorporates by reference all *bona fide* objections filed by other objectors in this case not adverse to the positions expressed herein.

## IX.  CONCLUSION

For the foregoing reasons, Objector respectfully requests that the Court

withdraw its conditional approval of the proposed settlement and enter orders requiring further proceedings so as to effect substantial justice in this cause between the parties and the absent class members.  Objector hereby reserves the right to amend and refine his objections as more information is made available.


Respectfully submitted this 28th day of July, 2011.

LAW OFFICE OF JOHN W. DAVIS


by:  /s/  John W. Davis                    .
    John W. Davis
    Counsel for Objector
    Dave Denny