1  Darrell Palmer (SBN 125147)
2  Janine R. Menhennet (SBN 163501)
   Law Offices of Darrell Palmer
   603 North Highway 101, Ste A
3  Solana Beach, California 92075
   Telephone: (858) 792-5600
4  Facsimile: (858) 792-5655
   Email: darrell.palmer@palmerlegalteam.com
5
6  Attorney for Objector Michelle Melton

```
                                    FILED
                        CLERK, U.S. DISTRICT COURT

                            AUG - 5 2011

                        CENTRAL DISTRICT OF CALIFORNIA
                        BY                        DEPUTY
```

7
8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10                       WESTERN DIVISION
11
12  KAMBIZ BATMANGHELICH, on behalf )   Case No. 09-cv-9190-VBF (JCx)
    of himself and all others similarly situated, )
13  and on behalf of the general public, )   **OBJECTION OF MICHELLE**
14                                        )   **MELTON TO PROPOSED**
                   Plaintiffs,            )   **SETTLEMENT AND NOTICE OF**
15                                        )   **INTENT TO APPEAR**
16  v.                                    )
17                                        )
    SIRIUS XM RADIO, INC., a Delaware     )
18  corporation, STREAM                   )   Date: September 12, 2011
    INTERNATIONAL INC., a Delaware        )   Time: 1:30 p.m.
19  corporation, and DOES 3 through 50,   )   Place: Courtroom 9
20  inclusive,                            )   Judge: Hon. Valerie Baker Fairbank
                                          )
21                 Defendants.            )
22

23       COMES NOW, MICHELLE MELTON  ("Objector,") Class Member in this
24
25  action, by and through her undersigned counsel, to hereby file this Objection to the
26  Proposed Class Action Settlement, give notice of her counsel's intent to appear at the
27
28  September 12, 2011 at 1:30 p.m. before the Honorable Valerie Baker Fairbank in

                                         1

Courtroom 9 of the United States District Court for the Central District of California, located at 312 North Spring Street, Los Angeles, California, 90012.

The above referenced Objector is a Class Member in the above titled action as she is/was a Sirius XM user, who either called or received a telephone call from Defendants during the relevant time period, was not given notice that her call was being recorded, and resides in either California, Nevada, New Hampshire, Florida, and/or Maryland. Upon request, Objector's counsel will provide proof of class membership to Counsel or the Court but for privacy reasons, redact such information in the instant submission.

In support of her objection, Objector states as follows:

## I.     SUMMARY OF OBJECTIONS

For the following reasons, this Objector states that the Settlement Agreement is not fair, reasonable and adequate.

1.     The attorneys' fee request is excessive because it is not based on the actual value provided to the class;

2.     The multiplier requested by the Motion for Attorneys' Fees is excessive given a review of the facts of this case; AND

3.     The Claim Form that class members are required to fill out is a deterrent to making a claim as it requires sensitive, personal information be submitted to Defendant over the internet.

2

## II.   THE COURT MUST ACT AS FIDUCIARY ON BEHALF OF THE CLASS

Class actions may only be settled with court approval. Fed. R. Civ. P. 23(e). When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir.2003). First, the Court must assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)). Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir.1998).

The Court's duty requires a review of the substance of the agreement and an investigation into the manner in which fees of class counsel are to be paid and the dollar amount for such services. *Id.* The 2003 Committee Notes to Rule 23(h) state that "[a]ctive judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility." Committee Notes to Rule 23(h), 2003.

Once a settlement is reached, both Class and Defense counsels' interests' change. No longer vigorously advocating for their clients' interests, Class Counsel's interests are inherently conflicted with the Class as they become another claimant to the very fund that they have created for their clients. Defense Counsel, alternatively, cares naught for the disbursement of fees to Class Counsel as payment of those fees will be deducted from the sum total that their client is already paying. It matters little to Defense Counsel whether Class Counsel takes 2% of the fund or 50% as the result is the same for their client in either scenario. Thus, the Court necessarily becomes the fiduciary for the fund's beneficiaries and must carefully monitor disbursement to the attorneys by scrutinizing fee applications. *Skelton v. General Motors Corp.*, 860 F.2d 250, 253 (7th Cir. 1988), cert denied, 493 US 810, 110 S. Ct. 53, 107 L. Ed. 2d 22 (1989.)

Accordingly, this settlement cannot be approved without the Court's certification that the settlement and fee request are fair, reasonable, and adequate for the Class.

**A.     This Attorneys' Fee Request is Likely Excessive Under the Percentage of the Fund Method.**

Class counsel accurately states that this Court is entitled to utilize a percentage of the fund methodology within this Circuit. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989). The Ninth Circuit has opined "we require only that fee awards in common fund cases be reasonable under the circumstances." *Florida v. Dunne,*

4

915 F.2d 542, 545 (9th Cir.1990).  Based on the specific facts of this particular

settlement, it cannot be ascertained whether Class Counsel's requested 21 percent is

either an accurate or reasonable percentage until all class members' claims have been

tallied.

It is commonly known that claims' rates to class action settlements tend to be very

low.  Average claims submission rates in similar class actions are typically ten percent or

less.  *Walter v. Hughes Communications, Inc.*, 2011 WL 2650711, *13 (N.D.Cal., July 6,

2011.)  See, e.g., In *re Compact Disc Minimum Advertised Price Antitrust Litig.*, 370

F.Supp.2d 320, 321 (D.Me.2005) (two percent submission rate); *Buchet v. ITT Consumer*

*Fin. Corp.*, 845 F.Supp. 684, 695 (D.Minn.1994), as amended 858 F.Supp. 944 (rejecting

settlement where similar settlement had only a three percent redemption rate); *Strong v.*

*Bellsouth Telecomm., Inc.*, 173 F.R.D. 167, 169 (W.D.La.1997) (4.3 percent claims rate);

*Burch v. United Cable TV of Baltimore Ltd. P'ship*, 732 A.2d 88 7 (Md.1999) (9.7

percent response rate to claims process); *Union Life Fid. Ins. Co. v. McCurdy*, 781 So.2d

186, 188 (Ala.2000) (observing that only 113 of 104,000 class members submitted

claims, for a rate of 0.1 percent). *See e.g., In re Compact Disc Minimum Advertised Price*

*Litig.*, 370 F.Supp.2d 320 (D. Me. 2005)(awarding attorneys' fees of 3% of value of

redeemed coupons which was 30% of claimed lodestar).  *See also, In re Excess Value*

*Ins. Coverage Litig.*, 2005 U.S. Dist. LEXIS 45104 (SDNY 2006) at *28-33 (awarding

class counsel fees in the amount of 50% of vouchers redeemed, which was 35% of lodestar).

The case of *Yeagley v. Wells Fargo & Co.*, 2008 WL 171083. (N.D. Cal. 2008), is applicable to the situation before this Court.  In *Yeagley,* the court confronted the task of evaluating the value of a coupon settlement for the purpose of awarding attorney fees:

> To award class counsel the same fee regardless of the claim participation rate, that is, regardless of the enthusiasm of the class for the benefits purportedly negotiated on their behalf, would reduce the incentive in future cases for class counsel to create a settlement which actually addresses the needs of the class.  In this case, for example, the one percent claim rate demonstrates that the brochure did not effectively educate the claim members about the importance of credit reports and monitoring their credit ... Common sense dictates that a reasonable fee in a class action settlement is a fee that takes into account the actual results obtained... *Id.* at *9.

Thus, this Court should defer ruling on Class Counsel's attorney fee request until all claims are made.  This would only be a short delay as the claims period expires on September 10, 2011.  Only then can the amount of relief awarded be calculated to assure that fees are paid according to relief actually received by Class Members.

**B.    Under the Lodestar Method, a 3.2 Multiplier is Excessive Given the Facts of this Case.**

Class Counsel asserts that a 3.2 multiplier is the average amount usually awarded in cases such as this one and provides Ninth Circuit case law to support its position.  (See Motion for Fees, p. 8, ln. 18.)  However, Class Counsel's use of the attorneys' fee chart

6

1

2

3

4

in *Vizcaino* is misplaced and not instructive in this matter as the settlements itemized in this chart are dissimilar to the current situation. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Vizcaino chart is inapposite here because it is a review of cases that settled for between $50 and $200 million dollars. Here, the settlement value is significantly less than that and, thus, the multipliers that correspond with the cases cited to in Class Counsel's motion for attorneys' fees are inapplicable. More accurately, multipliers in class actions with lower settlement values, involving shorter litigation periods, and where the litigation was not a complex matter, like here, fluctuate in the more conservative range of multipliers. See, e g, *Van Vranken v Atlantic Richfield Corp*, 901 F Supp 294, 298 (ND Cal 1995) ("Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.") (emphasis added); *Behrens v Wometco Enterprises, Inc*, 118 FRD 534, 549 (SD Fla 1988) ("[The] range of lodestar multiples in large complicated class actions [varies from] a low of 2.26 to a high of 4.5."); see also *In re Elan*, 385 F Supp 2d at 376 (reducing fee award from the requested 4.72 multiplier to a multiplier of 3.47)

24

25

26

27

28

The foregoing judicial observations are borne out in a study of common fund class action fee awards compiled a few years ago. Beverly C Moore, et al, 24 Class Action Reports, no 2 (March-April 2003). This study was compiled based upon the most complex of complex actions; the securities fraud case. It included a review of 877 of

7

these actions, 391 of which reported multiplier data. Of these 391 cases, 353 involved class recoveries of $50 million or less, the number applicable here.  The review indicated that the bulk of the multipliers spanned from zero to two with outliers in the 3.0 plus range.  Thus, Class Counsel's estimate that 3.2 is a conservative multiplier is not entirely true.

The facts of this case indicate that this was neither a lengthy nor particularly arduous litigation.  The bulk of the attorney work seemed to revolve around amending the complaints and adding and removing parties.  Although some discovery was conducted and depositions were taken, no dispositive motions were filed and, in fact, the litigation only lasted a little more than one year as the case was removed to federal district court on December 15, 2009 and settled on February 14, 2011.  Thus, this case does not entitle the attorneys to such a significant and deferential multiplier, particularly given Objectors' discussion in Section II(A).

### C.    The Request for Private Information on the Claim Form Will Deter Participation.

The Claim form requests that the class member claimant provide his name, address, phone number, and social security number or tax id number.  (See Settlement Agreement, § 6.4.)  There is no rational basis to request this type of sensitive information other than as a means to dissuade class members from submitting claims.

8

The required information in the claim form is intrusive, a deterrent to class members' making claims and, seems completely unnecessary given the information that Defendant already possesses about each class member.  As an initial matter, Sirius intends to provide personal notice to most class members.  The Settlement Agreement at Section 6.5 provides, in relevant part, within "twenty-one (21) days after the Court's Order granting preliminary approval of this settlement and Agreement, Sirius XM shall compile the Class List and shall provide the Claims Administrator with the following information for all persons in the Class List: (a) name; (b) last known mailing address (if available); (c) last known email address (if available); and (d) any additional email addresses (if available)."

This necessarily means that Defendant already possesses the capability to discern membership to the class and information regarding each member in a far less intrusive way than requiring a social security number submitted over the internet.  It seems unlikely that class members would have been required to provide either their social security or tax identification number upon initiating their contract with Sirius XM.  Regardless, it is unclear why Defendant would need that information now, rather than just relying on its records of names, account numbers, addresses, and telephone numbers.  Accordingly, the claim form should be revised prior to approval of this settlement.

OBJECTION OF MICHELLE MELTON TO PROPOSED SETTLEMENT
AND NOTICE OF INTENT TO APPEAR

## III.   ADOPTION AND JOINDER OF ALL OTHER OBJECTIONS.

This Objector joins in and adopts all well-taken, good-faith objections filed by other Class Members in this case and incorporates them by reference as if they appeared in full herein.

**WHEREFORE,** Objector respectfully requests that this Court:

A.   Upon proper hearing, sustain these Objections;

B.   Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

C.   Award an incentive fee to this Objector for her service as a named representative of Class Members in this litigation.

Dated:   August 4, 2011                          LAW OFFICES OF DARRELL PALMER

                                                 By: _____
                                                      Darrell Palmer
                                                 Attorney for Objector, Michelle Melton

10

**Kambiz Batmanghelich v. Sirius XM Radio, Inc., et al.**
1   **Case No.: 09-cv-9190–VBF (JCx)**

2
                    **DECLARATION OF SERVICE**
3       **UNITED STATES OF AMERICA, STATE OF CALIFORNIA**

4           I, Maria V. Carapia, declare as follows:

5           I am employed with the Law Offices of Darrell Palmer whose address is 603
     N Hwy 101, Ste A, Solana Beach, CA 92075. I am readily familiar with the
6    business practices of this office for collection and processing of correspondence
     for mailing with the United States Postal Service; I am over the age of eighteen
7    (18) and I am not a party to this action.

8           On August 4, 2011, I caused to be served the following:

9    **OBJECTION OF MICHELLE MELTON TO PROPOSED SETTLEMENT**
10   **AND NOTICE OF INTENT TO APPEAR**

11   on the interested parties:

12          SEE ATTACHED SERVICE LIST

13   _____ by placing a copy in a separate envelope addressed to each addressee
            as indicated on the attached Service List and personally delivering it to
14          the above named persons.

15   _____ by sending via electronic mail a true copy of the above-entitled
            document to the email listed on the attached Service List. My email
16          address is maria.carapia@palmerlegalteam.com

17   _____ by sending a copy via overnight mail. Airbill No. _____.

18   __X__ by placing a copy in a separate envelope, with postage fully prepaid,
            for each address named on the attached Service List for collection and
19          mailing on the above indicated day following the ordinary business
            practices of our offices
20
     __X__ by sending a copy via facsimile transmission to the facsimile
21          number(s) indicated on the attached Service List. The facsimile
            machine I used complied with California Rules of Court, Rule 2003,
22          and no error was reported by machine.

23          I declare under penalty of perjury under the laws of the State of California of
     the United States of America, that the foregoing is true and correct. Executed on
24   August 4, 2011, at Solana Beach, California.

25

26                                               Maria V. Carapia

27

28

                            DECLARATION OF SERVICE

## SERVICE LIST

1

2 **PLAINTIFF'S LEAD COUNSEL**
Daniel F. Gaines
3 Kenneth S. Gaines
Gaines & Gaines APLC
4 2150 Oxnard Street, Suite 980
Woodland Hills, CA 91367
5 Phone: (818) 703-8985
Fax: (818) 703-8984
6 Email: daniel@gaineslawfirm.com
Email: ken@gaineslawfirm.com
7

8 **COUNSEL FOR STREAM INTERNATIONAL, INC.**
Edward D. Totino
9 DLA Piper LLP (US)
1999 Avenue of the Stars, Suite 400
10 Los Angeles, CA 90067
Phone: (310) 595-3000
11 Fax:  (310) 595-3300
Email: edward.totino@dlapiper.com
12

13 **COUNSEL FOR SIRIUS XM RADIO INC.**
Trenton H. Norris
14 Arnold & Porter LLP
One Embarcadero Center, 22nd Floor
15 San Francisco, CA 94111
Phone: (415) 356-3000
16 Fax: (415) 356-3099
Email: trent.norris@aporter.com
17

18

19

20

21

22

23

24

25

26

27

28