John W. Davis (SBN 200113)
john@johnwdavis.com
LAW OFFICE OF JOHN W. DAVIS
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorney for Objector
Dave Denny

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAMBIZ BATMANGHELICH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SIRIUS XM RADIO, INC. and STREAM INTERNATIONAL, INC. <br><br> Defendants. | **CASE NO.  CV 09-9190 VBF(JCx)** <br><br> **OBJECTOR DAVE DENNY'S REPLY TO PLAINTIFF'S RESPONSE TO OBJECTIONS TO CLASS ACTION SETTLEMENT** <br><br> Date: September 12, 2011 <br> Time: 1:30 p.m. <br> Judge: Hon. Valerie Baker Fairbank <br> Courtroom: Dept. 9 <br> 312 N. Spring St. <br> Los Angeles, CA  90012 |

## I. PLAINTIFF'S *AD HOMINEM* ATTACKS ON OBJECTOR'S COUNSEL ARE MERITLESS, IRRELEVANT, AND SEEK TO IMPROPERLY FOCUS THE COURT'S ATTENTION AWAY FROM DEFECTS IN THE PROPOSED SETTLEMENT

Plaintiff Kambiz Batmanghelich ("Plaintiff") attempts to support the approval of the Proposed Settlement by impugning objectors' counsel and portraying objectors, generally, in a negative light. In referring to class member Dave Denny's ("Objector") counsel as a "professional objector," Plaintiff suggests that Mr. Denny's objections should be disregarded merely because Objector's counsel has appeared in other class action settlements and represented class members who object to proposed settlements.

Application of the moniker "professional objector" to absent class members and their counsel who dare to raise concerns regarding proposed class settlements is now in vogue with the class action plaintiffs' bar. The term "professional objector" was adopted by the plaintiffs' bar in its quest to marginalize dissenting voices by engaging in *ad hominem* attacks. Judge Richard Kramer who presides in the complex litigation department of the Superior Court of the State of California for the County of San Francisco addressed the "professional objector" argument as follows:

> I have never understood the term "professional objector." The lawyers that appear in front of me are professionals as I would think that if I heard the term "unprofessional objector," I would

be very much concerned.[1]

Judge Kramer expounded,

> I have made this point in countless legal education and education of judges courses that I have taught in class actions. I make this comment in my California civil procedure class at Hastings that I teach every year. And I have on occasion, such as I am now, taken the opportunity to point that out. A "professional objector" is not a pejorative term as far as I am concerned, especially when it's coming from professional something elses.[2]

Plaintiff's *ad hominem* attacks on Objector's counsel comprise a violation of Plaintiff's counsel's duty of candor to the Court. Class counsel are aware that the outrageous accusations contained in the document they have submitted are not supported by fact or law. Plaintiff's counsel attempt to tar the reputation of Objector's counsel not with honest argument on relevant issues but with false statements that counsel are "unscrupulous attorneys" and are "exploiting the right to object to class action settlements by filing objections and subsequent appeals for the sole purpose of extorting a pay-off." *Plaintiff's Response to Objections*; Doc. 81, 3:14-17. This is a serious accusation and is unwarranted by reference to objections filed in this case which were drafted with specific reference to the Settlement Agreement and supporting documents.

Plaintiff misconstrues (or alternatively desires to ignore) the intent of the law

---

[1] Transcript of Proceedings, August 6, 2010, 15:24-27, *Credit / Debit Card Tying Cases*, Superior Court of California, case no. JCCP 4335.
[2] *Id. at* 16:7-9.

which provides for a procedure for class members who are not the named representatives to be represented and to have a voice in the determination as to whether the settlement is, in fact, fair, adequate, and reasonable. Despite what Plaintiff would have this Court believe, several courts have praised settlement objectors for their input in the fairness determination.[3] Objectors in these cases were described as "volunteer lawyers for the class,"[4] who raise "challenges free from the burden of conflicting baggage that Class Counsel carries."[5] In fact, Judges Posner and Easterbrook, as well as others, have advocated freely allowing objector intervention to monitor against collusion and unfair settlement terms.[6]

Furthermore, courts have praised the very counsel Plaintiff seeks to malign in his response to objections. For example, with regard to Objector's counsel John W. Davis, Judge R. David Proctor noted, "The court was very impressed with Mr. Davis and fully appreciates both his candor and advocacy."[7] Objector's counsel has, in many instances, obtained substantial benefits for class members and improvements to proposed settlements. For example, Objector's counsel's efforts in *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) resulted in an

---

[3] Mike Absmeier, *The Professional Objector and Revised Rule 23: Protecting Voice Rights While Limiting Objector Abuse*, 24 Rev. Litig. 609, 1616 (2005).
[4] *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002).
[5] *In re Prudential Ins. Co. Am. Sales Practice Lit. Agent Actions*, 278 F.3d 175, 202 (3d Cir. 2002).
[6] For a discussion of "whether objectors to class action settlements add to the efficiency and fairness problems that plague modern class actions," see, for example, Edward Brunet, *Class Action Objectors: Extortionist Free Riders or Fairness Guarantors*, 2003 U.CHI. LEGAL F. 403.

increase in the value of the common fund of more than nine million dollars. The Law Office of John W. Davis and Kendrick & Nutley were the sole firms awarded fees by the court in that matter for their efforts in assisting in the court's evaluation of the settlement.[8] Objector's counsel is presently seeking to preserve the enhancement of the *Rodriguez* common fund in the United States Court of Appeals for the Ninth Circuit.[9]

In another recent case involving Objector's counsel, Judge Jeremy Fogel found, "*The objectors' concerns about the e-credits are valid. The fact that the credits are nontransferable, redeemable only at HP.com, and cannot be used with other coupons or discounts significantly reduces their cash value. In many ways, the e-credits are indistinguishable from a marketing technique HP might employ to attract consumers to its commercial website.*"[10] Notably, Plaintiff's attack on objectors and their counsel fails to mention that objectors were actually *successful* in many of the cases cited by Plaintiffs. *See, e.g., The Authors Guild Inc. v. Google, Inc.,* 2009 WL 2980745 (S.D.N.Y. September 8, 2009) (declining to approve settlement on an "opt-out" basis)*; In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 524 (E.D.N.Y. 2003) (reducing class counsel's requested fees

---

[7] *Faught v. American Home Shield Corp.*, USDC Northern District of Alabama, Case No. 2:07-cv-01928-RDP, Doc. 105 at 32

[8] *Rodriguez v. West Publishing Corp.,* USDC Central District of California, Case No. 2:05-cv-03222-R-Mc; Doc. 563, Transcript of Proceedings, July 13, 2009, 7:8-14.

[9] USCA Ninth Circuit case nos. 10-55342 and 10-56730

[10] *In re HP Inkjet Printer Litigation,* USDC Northern District of California, Case No. C05-3580 JF; Doc. 287 at 9.

thereby increasing the value of the common fund).

In simplest terms, this case should not be based on "name-calling" by the parties. The Court's determination with regard to final approval of this Proposed Settlement should boil down to the unequivocal question in class action settlements, and that is whether the settlement, as proposed, is fair, adequate, and reasonable.

## II. CLASS MEMBER DAVE DENNY HAS SUBMITTED EVIDENCE OF CLASS MEMBERSHIP

Objector filed a declaration in the above-captioned matter affirming class membership (Doc. 77). Accordingly, Objector has standing to raise concerns regarding the settlement. Objector furnished reference to his Sirius account number and offered to provide further information to counsel upon request. Neither counsel for the class nor the defendant has made such a request.

In his Response to Objections to Class Action Settlement, Plaintiff posits that objectors should have submitted telephone records. There is no such requirement in the Notice of Class Action Settlement. Moreover, if such a requirement exists then the Notice is deficient and a remedial notice campaign should be undertaken. Notwithstanding the problems with the claims process articulated by Objector in his Objection to Proposed Settlement, Plaintiff's own attempts to impose additional undisclosed requirements upon absent class members underscore the need for heightened scrutiny of the approval process including claim processing, monitoring,

and review.

Additionally, even if Objector's submissions were somehow deficient, which they are not, objections which have been brought to the attention of the Court and of counsel for proponents of a settlement by counsel for objectors should not be disregarded simply because they do not precisely comply with the procedures for the filing of individual objections specified in the notice of settlement.  *See, e.g., Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 235 (2001); *see also Weinberger v. Kendrick*, 698 F.2d 61, 69 (2nd Cir. 1982), *cert. denied*, 464 U.S. 818 (1983).

Objector timely filed his objection and has filed a sworn declaration affirming his class membership.  Accordingly, Plaintiff's standing argument is without merit.

## III.  PLAINTIFF OVERSTATES THE VALUE OF THE SETTLEMENT AND THE RISK ASSOCIATED WITH ACHIEVING IT

Plaintiff appears to make the erroneous inference that because "evidence indicated that only around half of the telephone calls were recorded during the relevant period," then a similar percentage of class members making claims would not be able to recover more at trial than the amount offered by the Proposed Settlement.  *Plaintiff's Response to Objections*; Doc. 81; 15:22 – 16:4.  This argument relies on at least two assumptions: (1) that each class member can only recover for one call to Sirius which was recorded without his or her knowledge; and

(2) that every caller to Sirius during the class period submits a claim form. Of course, one purpose of the claim form is to identify Sirius subscribers with valid claims. If the claim form, as well as notice to class members, is appropriately designed, the result should be that the majority of submitted claims are ultimately accepted.

Even if we presuppose that a large number of claims in this case will be disqualified, it is a stretch to assume that fully half of the claims submitted will be disqualified. Such a result in and of itself would suggest serious deficiencies with the notice and claims process. Moreover, even if we accept Plaintiff's argument at face value that roughly one half of claimants would not be able to recover at trial, that begs the question of why class members are receiving only 20% of the available statutory damages based on claims received as of July 19, 2011. *Id.* at 16:22-26.

Additionally, Plaintiff touts the "extensive" and "substantial" risks associated with this litigation. *Plaintiff's Response to Objections*; Doc. 81; 17:5-10. However, this is not a novel or difficult case. Damages are statutorily prescribed and discovery should yield a fairly accurate picture of the scope of damages – despite the parties' assertion that analysis of damages is "difficult." *Id.* at 16:27. Even if the individual identities of callers who were recorded cannot be ascertained, such a scenario does not preclude a ready calculation of damages in the aggregate.

The issues asserted in this case have been litigated extensively in the past. For example, the controversy at issue in the instant matter was largely previously

litigated by plaintiff Nikki Greenberg in *Greenberg v. E*Trade Financial*, Superior Court for the State of California, County of Los Angeles, case number BC 360152. In fact, the same attorney who is defending Sirius in the case at bar, Mr. Totino of DLA Piper, defended E*Trade in the prior wiretapping litigation. This is not a novel issue. Wiretapping claims such as those prosecuted in this case have been well litigated in recent years. Accordingly, Plaintiff had a ready-made blueprint for his case.

In light of the foregoing, the Court should be skeptical of overblown claims of either risk or difficulty in determining: (1) whether the settlement amount is reasonable when considered in tandem with the aggregate value of statutory claims; and (2) in determining any risk multiplier to be applied to counsel's lodestar.

## IV.  PLAINTIFF FAILS TO ADEQUATELY EXPLAIN THE DISPARITY IN RECOVERY BETWEEN LEAD PLAINTIFF AND ABSENT CLASS MEMBERS

As Plaintiff correctly states, incentive awards are often appropriate if it is necessary to induce an individual to participate in a suit. *See, e.g., Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998). However, Objector questions the disparity between Plaintiff's recovery and that of absent class members. This disparity exceeds what would be necessary to induce a plaintiff to pursue litigation such as this and seeks to compensate Plaintiff for actual damages in addition to providing a

"service fee." Plaintiff concedes that a separate, more favorable, deal was negotiated concerning Plaintiff's individual claims. *Plaintiff's Response to Objections*; Doc. 81; 14:12-13. This is not appropriate and puts Plaintiff's interests at odds with those of the class. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 967-968 (9th Cir. 2009).

Moreover, simultaneous representation of clients with conflicting interests is an automatic ethics violation in California and grounds for disqualification. "[A]n attorney cannot recover fees for such conflicting representation." *Rodriguez*, *supra* at 967-968, citing *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998). "The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Id.*

## V. PLAINTIFF'S REQUEST FOR A BOND IS PRESUMPTUOUS, PREMATURE, AND PRECLUDED BY NINTH CIRCUIT PRECEDENT

Plaintiff asks that any objector whose objection is overruled be required to post a bond in order to exercise his or her appellate rights. This request is extraordinarily premature in that the Court has not even held a hearing on final approval, let alone issued an order. Accordingly, it is impossible to know what, if any, issues might be appealed. It is entirely presumptuous of Plaintiff to conclude a notice of appeal will be filed when the Court has not yet undertaken final

consideration of the matter. Moreover - particularly in light of the facts of this case, and the legal basis for Plaintiff's claims - Plaintiff's attempt to avoid judicial scrutiny by imposing additional burdens upon any would-be appellant is unfounded and disfavored by the Ninth Circuit. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007).

## VI.  CONCLUSION

For the foregoing reasons, and those articulated in Objector's Objection to Proposed Settlement and Notice of Intent to Appear, Objector respectfully requests that the Court withdraw its conditional approval of the Proposed Settlement. Objector hereby reserves the right to amend and refine his objections as more information is made available.

Respectfully submitted this 29th day of August, 2011.

                                            LAW OFFICE OF JOHN W. DAVIS

                                            by:   /s/ John W. Davis                        .
                                                John W. Davis
                                                Counsel for Objector
                                                Dave Denny