JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMBIZ BATMANGHELICH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>    Plaintiffs,<br><br>    v.<br><br>SIRIUS XM RADIO INC. a Delaware corporation, STREAM INTERNATIONAL INC., a Delaware corporation, and DOES 3 through 50, inclusive,<br><br>    Defendants. | CASE NO. CV 09-9190 VBF (JCx)<br><br>**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND JUDGMENT** |

    The Court conducted a hearing regarding the fairness and final approval of the Amended Settlement Agreement and Release and Plaintiff's unopposed application for approval of attorneys' fees and costs, Class Representative's service payment, and settlement administration expenses on September 12, 2011, at 1:30 p.m., the Honorable Percy Anderson presiding.

    The parties appeared by and through their respective counsel of record.

    After considering the papers and the arguments of counsel, as well as any

papers filed by objectors, and good cause appearing, the Court GRANTS Plaintiff's Motion for Final Approval and Judgment, and Plaintiff's Unopposed Application for Approval of Attorneys' Fees and Costs, Class Representative's Service Payment, and Settlement Administration Expenses and rules as follows.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Amended Settlement Agreement and Release (hereafter, the "Settlement Agreement") and all definitions set forth therein are hereby incorporated with and made part of this Final Order Approving Class Action Settlement and Judgment ("Final Order and Judgment").

2. This Court has jurisdiction over the subject matter of this Action and all parties to this Action, including the settlement Class Members, as defined in Section 1 of the Settlement Agreement. Specifically, the members of the Class that are subject to this Final Order and Judgment are all persons in California, Florida, Maryland, Nevada, and New Hampshire ("Covered States") who (1) placed one or more telephone calls to Sirius Satellite Radio between July 13, 2006 and November 17, 2009, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (2) received one or more telephone calls from Sirius Satellite Radio between July 13, 2006 and February 1, 2010, spoke with a representative on behalf of Sirius Satellite Radio, and were not provided with notice that the call may be recorded or monitored; and/or (3) placed one or more telephone calls to XM Satellite Radio between January 25, 2009 and November 17, 2009 to discuss music royalty fees or cancelling their XM Satellite Radio subscription, spoke with a representative on behalf of XM Satellite Radio, and were not provided with notice that the call may be recorded or monitored.

3. The Settlement Agreement previously filed in this action, and the terms set forth therein, are hereby found and determined to be fair, reasonable, and adequate, and are hereby approved and ordered to be performed by all parties.

4. The Court finds that the form, manner and content of the Class Notice specified in Section 6 of the Settlement Agreement and Exhibits "B," "D," and "E" thereto provided a means of notice reasonably calculated to apprise the Class Members of the pendency of the action and the proposed settlement, including the proposed amount of attorneys' fees and costs to be requested by Class Counsel, and thereby met the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, as well as due process under the United States Constitution and any other applicable law, and constituted due and sufficient notice to all Class Members entitled thereto. Specifically, individual notice was provided to those potential Class Members who were customers of Sirius XM between July 13, 2006, and February 1, 2010 and that Sirius XM believes had a call that was handled by Stream International, Inc. ("Stream") by sending such notice by email and/or regular mail to all such persons whose last known mailing address was located in the Covered States, and class notice was provided to all other potential Class Members by publishing such notice in the USA Today (in the editions published in Covered States) for at least a period of three days and an advertisement size of at least 1/4 of a page.

5. The Court further finds that the Class Notice adequately notified Class Members of Class Counsel's intention to request attorneys' fees and costs, and the proposed amounts thereof, from the Common Fund. In addition, Plaintiff's application for attorneys' fees and costs and a Class Representative service payment was filed with the Court and made available for Class Members to review on the settlement website two weeks prior to the deadline for Class Members to file objections to the Settlement, giving Class Members adequate time to review the application and object to the attorneys' fees, costs and/or service payment.

6. This Final Order and Judgment applies to all claims or causes of action settled under the terms of the Settlement Agreement, and shall be fully binding with respect to all Class Members who did not properly request exclusion pursuant to the

Order Granting Preliminary Approval of Class Action Settlement entered by this Court on March 14, 2011.

7. Representative Plaintiff Kambiz Batmanghelich and all Class Members who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the Settlement Agreement which they had, or have, to the extent provided in the Settlement Agreement. All claims of Representative Plaintiff and all Class Members shall be conclusively deemed released and discharged as to Sirius XM and Stream, and their related entities, to the extent provided in the Settlement Agreement.

8. The Claims Administrator shall conduct all administration of the Common Fund including the Settlement Amount. The Claims Administrator shall disburse attorneys' fees and costs to the Class Counsel from the Common Fund as ordered by the Court. The Claims Administrator shall prepare and issue all disbursements of the Settlement Amount to Authorized Claimants, and any remaining funds to Charitable Organization(s) as described in the Settlement Agreement.

9. If it has not already done so, Stream shall cause its insurer to wire Nine Million Four Hundred Eighty Thousand Dollars ($9,480,000.00), less any amount previously delivered, to the Claims Administrator to fund the Common Fund within the time period specified in the Settlement Agreement. The Claims Administrator shall issue the appropriate individual Settlement Amount to each Authorized Claimant within the time periods specified in the Settlement Agreement.

10. All claims asserted by Representative Plaintiff and the Class Members in this Action are hereby dismissed with prejudice.

11. The Court finds that Class Counsel are qualified to represent the settlement Class. The Court hereby grants Class Counsel's request for an award of attorneys' fees and costs in the amount of $2,015,018.39 to be paid from the

Common Fund.  The Court finds that the amount of this award is fair and reasonable in light of the efforts expended by Class Counsel in prosecuting this Action and the results obtained.  12.   The Court finds that it is appropriate for the Class Representative to be paid a one-time payment of Ten Thousand Dollars ($10,000.00) from the Settlement Amount, which amount shall include his compensation for the telephone calls he claims were recorded without notice or his consent as well as his compensation for instituting, prosecuting and bearing the laboring oar and risk of this litigation as Class Representative.  This shall be the only consideration paid to the Class Representative.

13.  The Court approves an additional payment to GCG, Inc. of up to $141,544.19, after which it will have been compensated for all expenses incurred in providing notice to the Class and administering the Settlement.  Any uncharged portion of this amount shall be added to the Settlement Amount.

14.  Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Final Order and Judgment, and the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:  September 13, 2011

_____
Percy Anderson
United States District Court Judge