Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer
603 North Highway 101, Ste A
Solana Beach, California 92075
Telephone: (858) 792-5600
Facsimile: (858) 792-5655

Attorney for Objector Michelle Melton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAMBIZ BATMANGHELICH, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>SIRIUS XM RADIO, INC., a Delaware corporation, STREAM INTERNATIONAL INC., a Delaware corporation, and DOES 3 through 50, inclusive,<br><br>Defendants. | Case No. 09-cv-9190-VBF (JCx)<br><br>**OBJECTION OF MICHELLE MELTON TO PROPOSED *CY PRES* DISTRIBUTION**<br><br>Judge: Hon. Valerie Baker Fairbank |

COMES NOW, MICHELLE MELTON ("Objector,") Class Member in this action, by and through her undersigned counsel, to object to the *cy pres* distributions and requests this court set a hearing regarding the proposed *cy pres* distribution of more than $330,000 which is the property of the class.

## I. ONLY NOW IS THE *CY PRES* DETERMINATION RIPE

Paragraph 8 of the final approval order (Dkt 89) purports to approve the *cy pres* distribution as follows: "The Claims Administrator shall prepare and issue all disbursements of the Settlement Amount to Authorized Claimants, and any remaining funds to Charitable Organization(s) as described in the Settlement Agreement." Id.

But the amended settlement agreement (Exhibit A to Dkt 60) does not designate any *cy pres* recipients, the settlement agreement states:

> 11. Cy Pres Distribution of Settlement Amount Remainder.
> In the event that any portion of the Settlement Amount remains unclaimed, or any check paid to any Authorized Claimant remains uncashed for more than one hundred twenty (120) days after issuance, then such unclaimed or uncashed funds will revert to the Class for *cy pres* distribution to appropriate charities as proposed by the Class Representative in conjunction with Class Counsel and the Court.

This issue was not ripe for determination until October 18, 2012 when class counsel filed the Stipulation re Distribution of Residual Funds (Dkt 102). Only now is this issue ripe for review because that identification of *cy pres* recipients is not ripe until it is determined that there will be unclaimed funds. *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 642 (S.D. Cal. 2011). As the court in *Hartless* explained, "Determining the recipient after the claims process is a logical procedure as the amount of unclaimed funds, if any, may affect the choice of charitable organization." Id.

## II. THE NOMINATED *CY PRES* RECIPIENTS ARE NOT SUFFICIENTLY RELATED TO THIS CLAIMS OR CLASS IN THIS CASE

This case arose from defendant's alleged privacy violations based on illegal monitoring of telephone conversations. (Amended Complaint attached to Dkt 3)

Class counsel and attorneys for defendants have proposed the following distributions:

1. $110,641.56, plus one-third of any increase in distributable funds, shall be donated to University of California, Hastings College of Law, Privacy and Technology Project;

2. $110,641.56, plus one-third of any increase in distributable funds, shall be donated to University of California Berkeley, Center for Responsible Business at Berkeley - Haas School of Business;

3. $55,320.78, plus one-sixth of any increase in distributable funds, shall be donated to Public Counsel; and

4. $55,320.78, plus one-sixth of any increase in distributable funds, shall be donated to Hollywood Police Activities League.

There is no explanation of why these nominated *cy pres* recipients will provide any indirect benefit to the class or how they are related to the claims made on behalf of the class in this lawsuit.

According to the Federal Judicial Center:  The term "*cy pres*" has migrated from the trust field into the sometimes less appropriate realm of class action litigation. Literally, *cy pres* means "as near as possible" to the original purpose. In the class action context, recovery for individual class members is sometimes not possible or practical. …… Cy pres relief must come as close as possible to the objective of the case and the interests of the class members.  Managing Class Action Litigation: A Pocket Guide for Judges, at 19, Third Edition, Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center (2010)

The *cy pres* proposition here is a classic example of the how *cy pres* distributions are an abused catch-all tool.  Justice Posner has observed the following:

> Fleet and the class counsel contend that the in-formation-sharing class obtained a "*cy pres*" remedy. The reference is to the trust doctrine that if the funds in a charitable trust can no longer be devoted to the purpose for which the trust was created, they may be diverted to a related purpose; and so the March of Dimes Foundation was permitted to reorient its activities from combating polio to combating other childhood diseases when the polio vaccine was developed. The doctrine, or rather something parading under its name, has been applied in class action cases, In re Mexico Money Transfer Litigation, supra, 267 F.3d at 748-49; Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1305 (9th Cir.1990); 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:20 (4th ed.2002), but for a reason unrelated to the reason for the trust doctrine. That doctrine is based on the idea that the settlor would have preferred a modest alteration in the terms of the trust to having the corpus revert to his residuary lega-tees. So there is an indirect benefit to the settlor. In the class action context the reason for appealing to *cy pres* is to prevent the defendant from walking away from the litigation scot-free because of the infeasibility of distributing the proceeds of the settlement (or the judgment, in the rare case in which a class action goes to trial) to the class members. There is no indirect benefit

to the class from the defendant's giving the money to someone else. In such a case the "*cy pres*" remedy (badly misnamed, but the alternative term-"fluid recovery"-is no less misleading) is purely punitive.

*Mirfasihi v. Fleet*, 356 F.3d 781, 784 (7th Cir. 2004)  Using the same cases and rationale as Justice Posner, the Ninth Circuit recently further illuminated *cy pres* guidelines in *Dennis v. Kellogg*:

> *Cy pres* is shorthand for the old equitable doctrine "*cy près* comme possible" — French for "as near as possible."
> Although the doctrine originated in the area of wills as a way to effectuate the testator's intent in making charitable gifts, federal courts now frequently apply it in the settlement of class actions " 'where the proof of individual claims would be burdensome or distribution of damages costly.' " *Nachshin*, 663 F.3d at 1038 (quoting *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990)). Used in lieu of direct distribution of damages to silent class members, this alternative allows for "aggregate calculation of damages, the use of summary claim procedures, and distribution of unclaimed funds to indirectly benefit the entire class." *Six Mexican Workers*, 904 F.2d at 1305. To ensure that the settlement retains some connection to the plaintiff class and the underlying claims, however, a *cy pres* award must qualify as "the next best distribution" to giving the funds directly to class members. Id. at 1308 (internal quotation marks omitted).
> Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary. To avoid the "many nascent dangers to the fairness of the distribution process," we require that there be "a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Nachshin*, 663 F.3d at 1038. A *cy pres* award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members," id. at 1039, and must not benefit a group "too remote from the plaintiff class," *Six Mexican Workers*, 904 F.2d at 1308. Thus, in addition to asking "whether the class settlement, taken as a whole, is fair, reasonable, and adequate to all concerned," we must also determine "whether the distribution of the approved class settlement complies with our standards governing *cy pres* awards." *Nachshin*, 663 F.3d at 1040 (internal quotation marks omitted).

*Dennis v. Kellogg*, 2012 WL 3800230, at 8 (C.A.9 (Cal.))[1]

In this case the shortcomings of class counsel's complete lack of rationale for these nominees demand review of the following topics:

1) Who gets credit for the *cy pres* distribution?  Not Sirius or Class Counsel.  Once the settlement was approved, ownership of the settlement fund passes to the class, it is no longer Sirius' money and neither Sirius nor class counsel should parade in front of the press with a large check and a big PR smile at a donation ceremony.

3) The court should demand verification that there are no conflicts between the nominated recipients and any party or lawyer in this case.  Full vetting is required, including favoritism for any alum of the proposed law school recipients and a cross check of the management and boards for conflicts and relationships.

4) The court must identify how the *cy pres* recipients are related to the underlying claims in this case and how they will benefit non-claimant class members.  Cy pres is not a tool for charity; it is a burden placed upon a fiduciary (the court) to manage and distribute funds in the best interests of the funds' owners (the class) in a manner best suited to benefit the class.  Notwithstanding the admirable and perhaps important work of the nominees, this case has nothing to do with police work in Hollywood just as *Dennis v. Kellogg* had nothing to do with feeding hungry people.  If the claimant class members

---

[1] Counsel for this objector also represented objectors and appellants in *Dennis v. Kellogg.*

want to endorse their settlement checks and send them to the Hollywood Police Activities League – they are free to do so; but the court is not.

5) Does the *cy pres* plan comply with California Code of Civil Procedure §384? The proposed plan does not. §384 states:

> (a)It is the intent of the Legislature in enacting this section to ensure that the unpaid residuals in class action litigation are distributed, to the extent possible, in a manner designed either to further the purposes of the underlying causes of action, or to promote justice for all Californians. The Legislature finds that the use of funds collected by the State Bar pursuant to this section for these purposes is in the public interest, is a proper use of the funds, and is consistent with essential public and governmental purposes. (b)Except as provided in subdivision (c), prior to the entry of any judgment in a class action established pursuant to Section 382, the court shall determine the total amount that will be payable to all class members, if all class members are paid the amount to which they are entitled pursuant to the judgment. *The court shall also set a date when the parties shall report to the court the total amount that was actually paid to the class members. After the report is received,* **the court shall amend the judgment** *to direct the defendant to pay the sum of the unpaid residue, plus interest on that sum at the legal rate of interest from the date of entry of the initial judgment, to nonprofit organizations or foundations to support projects that will benefit the class or similarly situated persons, or that promote the law consistent with the objectives and purposes of the underlying cause of action, to child advocacy programs, or to nonprofit organizations providing civil legal services to the indigent. The court shall ensure that the distribution of any unpaid residual derived from multistate or national cases brought under California law shall provide substantial or commensurate benefit to California consumers.*

Charged as a fiduciary, the court must manage the *cy pres* distribution according to law and in the best interest of the silent class members (not the community).

Objector Melton respectfully requests an order directing counsel for the parties to fully brief the connection between the class, the claims and the nominees. Thereafter, the settlement website should be reconnected to the Internet and the proposed *cy pres* plan made available for review by the class. Then a hearing on this matter should be set with the date and time published on the Internet.

These duties are no less important than the courts fiduciary responsibilities regarding review of attorney fees or class certification.

Respectfully submitted,

Dated: October 19, 2012       LAW OFFICES OF DARRELL PALMER


By: /s/ Joseph Darrell Palmer
    Joseph Darrell Palmer
    Attorney for Objector Michelle Melton


### CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2012, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Central District of California by using the USDC CM/ECF system.

Service on participants in the case who are registered CM/ECF users will be accomplished by the USDC CM/ECF system.

    /s/ Joseph Darrell Palmer
    Joseph Darrell Palmer
    Attorney for Objector